

# NUMBER 13-22-00124-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE GREAT LAKES INSURANCE SE

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina**
**Memorandum Opinion by Justice Benavides**[1]

On March 25, 2022, relator Great Lakes Insurance SE (Great Lakes) filed a petition for writ of mandamus contending that the trial court abused its discretion in refusing to dismiss the underlying lawsuit based on a forum selection clause contained in its insurance policy. We conclude that Great Lakes waived its right to enforce the forum selection clause because it delayed almost two years after the inception of the lawsuit to file its motion to dismiss, and in that interim, initiated and conducted merits-based

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *see also id.* R. 47.4 (distinguishing opinions and memorandum opinions).

discovery, and filed, litigated, and lost a merits-based motion for summary judgment, all before moving to dismiss on grounds that the underlying court did not constitute the proper forum for the suit. Accordingly, we deny the petition for writ of mandamus.

## I. BACKGROUND

On September 16, 2019, real parties in interest Michael L. Hurst and Phillip R. Hurst (the Hursts) filed a lawsuit in the County Court at Law No. 3 of Nueces County, Texas, against Great Lakes, Wager & Associates, Inc. (Wager), and Jimmy L. Williams and Vivian Williams (the Williamses), alleging that insurance proceeds for the loss of a vessel should have been paid to them, as purchasers of the vessel, rather than the Williamses, who were the sellers of the vessel. According to the Hursts' original petition, the Hursts entered into a "Vessel Charter-Lease Purchase Agreement" (Agreement) with the Williamses for the lease and purchase of a vessel named Horizontal Relief, also known as Sancha. On September 17, 2017, Sancha suffered a catastrophic exhaust system failure and sank. Great Lakes had insured Sancha, and, according to the petition, the Hursts and the Williamses "coordinated their efforts submitting the loss" to Great Lakes. Great Lakes hired Wager to adjust the claim. Great Lakes paid the insurance proceeds for the loss to the Williamses. The Hursts alleged that the Williamses breached the Agreement and Great Lakes breached its insurance policy; that Wager and Great Lakes committed tortious interference with a contract by "induc[ing] payment of the insurance proceeds to the wrong persons"; and that Great Lakes, Wager, and the Williamses were liable for conversion of funds, fraud, and fraud in the inducement.

On October 21, 2019, Great Lakes filed an answer to the Hursts' lawsuit in which it objected to venue, offered a general denial, and raised affirmative defenses. On April

1, 2020, Great Lakes filed a first amended answer including a crossclaim against the Williamses for indemnification and contribution. Neither pleading references the forum selection clause.

On May 19, 2021, Great Lakes filed a traditional motion for summary judgment on grounds that the Hursts could not establish "at least one of the essential elements on both their breach of contract and tortious interference claims against Great Lakes," and that "Great Lakes has made payment for the loss at issue and obtained a release from the insured." Great Lakes provided argument and authority in support of its position that the Hursts' claims for breach of contract, tortious interference, conversion of funds, and fraud were insupportable. Great Lakes supported its motion for summary judgment with, *inter alia*, its insurance policy containing the forum selection clause, the depositions of Michael Hurst and Vivian Williams, and the Williamses' responses to requests for admissions. Great Lakes requested that the trial court dismiss "each and every one" of the Hursts' claims with prejudice.

On or about June 11, 2021, the Hursts filed a response to Great Lakes's motion for summary judgment. On June 15, 2021, Great Lakes filed a reply to the Hursts' response. On June 18, 2021, the Hursts filed a sur-reply. On June 18, 2021, the trial court denied Great Lakes's motion for summary judgment.

Two months later, on August 25, 2021, Great Lakes filed a motion to dismiss the lawsuit based on the forum selection clause in its insurance policy. The clause provides that the policy "is subject to the substantive laws of the State of New York" and "that any dispute arising hereunder shall be subject to the exclusive jurisdiction of the Federal courts of the United States of America, in particular, the Federal District court within which

3

you the Assured resides or the Federal District court within which your insurance agent resides." Great Lakes asserted that the Hursts' claims were subject to the forum selection clause because their claims "can only be determined by reference to the terms and conditions of the insurance policy." Accordingly, Great Lakes argued that the Hursts should have brought suit in federal court.

On September 21, 2019, the Hursts filed a response to Great Lakes's motion to dismiss alleging that the forum selection clause should be denied because, among other reasons, they never signed an agreement containing a forum selection clause, their claims were not within the scope of the forum selection clause, the forum selection clause violated Texas public policy, and Great Lakes had waived its right to enforce the forum selection clause. The trial court signed an order denying Great Lakes's motion to dismiss on January 25, 2022.[2]

This original proceeding ensued. By two issues, Great Lakes asserts that the trial court abused its discretion by denying the motion to dismiss based on the forum selection clause and that it lacks an adequate remedy by appeal to address that error. The Court requested that the real parties in interest, the Hursts, the Williamses, and Wager, or any others whose interest would be directly affected by the relief sought, file a response to the petition for writ of mandamus. *See* TEX. R. APP. P. 52.2, 52.4, 52.8. Neither the Williamses nor Wager filed a response to the petition for writ of mandamus. The Hursts

---

[2] On September 2, 2021, the trial court inadvertently signed an order granting Great Lakes's motion to dismiss; however, this order was signed without notice or hearing. The trial court held a hearing on Great Lakes's motion to dismiss on September 21, 2021, and signed an order denying Great Lakes's motion to dismiss on January 25, 2022. At a hearing on March 15, 2022, the trial court clarified that it had denied Great Lakes's motion to dismiss.

filed a response to the petition in which they allege, *inter alia*, that Great Lakes waived its right to enforce the forum selection clause.

## II. MANDAMUS

Mandamus is an extraordinary remedy issued at the discretion of the court. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or is a clear abuse of discretion and there is no adequate appellate remedy. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). The Texas Supreme Court has repeatedly held that mandamus relief is available to enforce a forum selection clause in a contract. *See, e.g.*, *In re Fisher*, 433 S.W.3d 523, 535 (Tex. 2014) (orig. proceeding); *In re Lisa Laser USA, Inc.*, 310 S.W.3d 880, 883 (Tex. 2010) (orig. proceeding) (per curiam); *In re Laibe Corp.*, 307 S.W.3d 314, 316 (Tex. 2010) (orig. proceeding) (per curiam).

## III. FORUM SELECTION CLAUSES

Forum selection clauses are contractual arrangements whereby parties agree in advance to submit their disputes for resolution within a particular jurisdiction. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n.14 (1985); *Pinto Tech. Ventures, L.P. v. Sheldon*, 526 S.W.3d 428, 436 (Tex. 2017); *RSR Corp. v. Siegmund*, 309 S.W.3d 686, 700 (Tex. App.—Dallas 2010, no pet.). The enforcement of valid forum selection clauses, bargained for by the parties, protects the parties' "legitimate expectations" and furthers "the vital interests of the justice system," such as sparing litigants the time and expense of pretrial motions to determine the proper forum for disputes. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring); *see RSR Corp.*, 309 S.W.3d at

5

700. "Forum[ ]selection clauses are generally enforceable and presumptively valid." *In re Laibe Corp.*, 307 S.W.3d at 316; *see Rieder v. Woods*, 603 S.W.3d 86, 93 (Tex. 2020); *Pinto Tech. Ventures*, 526 S.W.3d at 436; *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d at 712.

## IV. ANALYSIS

The trial court's order denying Great Lakes's motion to dismiss does not provide a rationale for the ruling. The Hursts allege that the trial court did not abuse its discretion in denying the motion to dismiss because: (1) they never signed the insurance policy; (2) the express language of the forum selection clause excludes the Hursts; (3) alternatively, Great Lakes waived its right to enforce the forum selection clause; and (4) public policy supports denying the motion to dismiss.[3] Because we consider it dispositive, we begin our analysis with the Hursts' contention that Great Lakes waived enforcement of the forum selection clause. The Hursts assert that Great Lakes has fully participated in litigation and has substantially invoked the judicial process. Great Lakes concedes that it "has taken more initiative in the litigation" than the Hursts have but argues that its participation in the litigation was "aimed at defending itself and minimizing its litigation expenses," and thus it did not substantially invoke the judicial process. Great Lakes further asserts that the Hursts have not suffered any prejudice from its delay in invoking the forum selection clause because it would relinquish its rights to enforce the application of any statute of

---

[3] Given our determination regarding waiver, we do not address the parties' substantive arguments regarding the enforceability of the forum selection clause pertaining to matters such as direct benefits estoppel or third-party beneficiary status. *See* TEX. R. APP. P. 47.1; *see generally Rieder v. Woods*, 603 S.W.3d 86 (Tex. 2020); *Pinto Tech. Ventures, L.P. v. Sheldon*, 526 S.W.3d 428 (Tex. 2017); *see also Carlile Bancshares, Inc. v. Armstrong*, No. 02-14-00014-CV, 2014 WL 3891658, at *8 (Tex. App.—Fort Worth Aug. 7, 2014, no pet.) (mem. op.) (discussing when nonsignatories may be bound to forum selection clauses).

limitations that might bar a subsequent lawsuit by the Hursts if the case were to be dismissed and refiled in a different forum.

## A.      Law Regarding Waiver

In 2019, the Texas Supreme Court summarized and clarified the concepts governing waiver:

> Waiver is the "intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." Waiver "results as a legal consequence from some act or conduct of the party against whom it operates" and is "essentially unilateral in character," meaning "no act of the party in whose favor it is made is necessary to complete it." Prejudice, in comparison, is an estoppel-based requirement that focuses on detriment or prejudice to the other party.
>
> Though waiver is a question of intent, it need not be explicit. A party's conduct sufficiently demonstrates intent to waive a right if, in light of the "surrounding facts and circumstances," it is "unequivocally inconsistent with claiming" that right. As we explained in *Crosstex*, "[s]ubstantial invocation of the judicial process" implies waiver when it "clearly demonstrat[es]" an intent to abandon a known right. Intentional relinquishment is "clearly demonstrate[d]" when litigation conduct is manifestly inconsistent with the right at issue. To effect waiver by litigation conduct in the arbitration and forum[ ]selection cases, we have also required a showing of prejudice but only in addition to an intent to abandon those rights. Under Texas law, implied waiver and prejudice are distinct concepts. That does not mean, however, that evidence bearing on one is irrelevant to the other, because conduct inconsistent with claiming a right can evince intent while also working a prejudice to the opposing party.
>
> Our description of the type of litigation conduct that can establish an implied waiver has varied in articulation, but not in substance. While our arbitration and forum[ ]selection cases refer to implied waiver arising when a party "substantially invokes the litigation process," some statutory-right cases refer to waiver implied by "engagement in the judicial process" that "clearly demonstrates" an intent to waive the right. To the extent these linguistic variations have caused confusion, we clarify here that the universal test for implied waiver by litigation conduct is whether the party's conduct—action or inaction—clearly demonstrates the party's intent to relinquish, abandon, or waive the right at issue—whether the right originates in a contract, statute, or the constitution. This is a high standard.

In determining whether a party's conduct clearly demonstrates an intent to waive a right, courts must consider the totality of the circumstances. This is a "case-by-case" approach that necessitates consideration of all the facts and circumstances attending a particular case.

*LaLonde v. Gosnell*, 593 S.W.3d 212, 218–20 (Tex. 2019) (internal footnotes omitted). (discussing and quoting *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 394 (Tex. 2014)). In determining whether a party has waived the enforcement of a forum selection clause, we may consider cases concerning waiver in the arbitration context, which presents an "analogous" issue. *In re Automated Collection Techs., Inc.*, 156 S.W.3d 557, 559 (Tex. 2004) (orig. proceeding) (per curiam); *see In re Nationwide Ins. Co. of Am.*, 494 S.W.3d at 713–714; *id.* at 718 (Guzman, J., dissenting); *In re Boehme*, 256 S.W.3d 878, 884 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding). In examining the totality of the circumstances in the arbitration context, the supreme court instructs us that we consider the following "wide variety" of factors:

- how long the party moving to compel arbitration waited to do so;

- the reasons for the movant's delay;

- whether and when the movant knew of the arbitration agreement during the period of delay;

- how much discovery the movant conducted before moving to compel arbitration, and whether that discovery related to the merits;

- whether the movant requested the court to dispose of claims on the merits;

- whether the movant asserted affirmative claims for relief in court;

- the extent of the movant's engagement in pretrial matters related to the merits (as opposed to matters related to arbitrability or jurisdiction);

- the amount of time and expense the parties have committed to the litigation;

- whether the discovery conducted would be unavailable or useful in arbitration;

- whether activity in court would be duplicated in arbitration; [and]

- when the case was to be tried.

*G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 512 (Tex. 2015) (quoting *Perry Homes v. Cull*, 258 S.W.3d 500, 590–91 (Tex. 2008)).

"Generally, no one factor is, by itself, dispositive." *RSL Funding, LLC v. Pippins*, 499 S.W.3d 423, 430 (Tex. 2016). "[A]ll these factors are rarely presented in a single case," and "[f]ederal courts have found waiver based on a few [factors], or even a single one." *Perry Homes*, 258 S.W.3d at 591. The "key factors" include the reason that the movant delayed in moving to enforce the clause, "the amount of discovery conducted by the movant, and whether the movant sought disposition on the merits." *Richmont Holdings, Inc. v. Superior Recharge Sys., L.L.C.*, 455 S.W.3d 573, 575 (Tex. 2014). We examine the "specifics" of each case regarding the application of these factors. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 116 (Tex. 2018). We bear in mind that "conduct that is merely defensive or responsive to litigation initiated and carried on by the other party does not in and of itself give rise to waiver." *LaLonde*, 593 S.W.3d at 221. When there are no disputed facts, we review the trial court's determination de novo because "waiver is a question of law." *Id.* at 220.

## B. Analysis

We examine the specific facts of this case under the totality of the circumstances to determine if Great Lakes waived its right to invoke the forum selection clause. *See id.*

9

### 1. Delay

First, we examine how long Great Lakes waited to file a motion to dismiss based on the forum selection clause, its reasons for any delay, and whether and when it knew of the forum selection clause during the period of delay. *See G.T. Leach Builders, LLC*, 458 S.W.3d at 512. We further examine these matters in the temporal context regarding when the case was to be tried. *See id.*

The Hursts filed their original petition on September 16, 2019. Great Lakes filed its "Motion to Dismiss Based on Forum Selection Clause" on August 25, 2021. This is a delay of almost two years. Great Lakes has offered no rationale for the delay. Further, Great Lakes knew of the forum selection clause from the inception of the underlying proceedings insofar as the forum selection clause was contained in its own insurance policy. Trial in this matter is set to commence on October 10, 2022.[4]

In considering these issues, we are mindful that even a substantial delay, by itself, does not suffice to find waiver. *See Richmont Holdings, Inc.*, 455 S.W.3d at 576 (considering a nineteen-month delay). Similarly, even a substantial, knowing, and unexplained delay is not alone sufficient to find waiver. *See id.* at 575–76 (rejecting waiver even though the party trying to compel arbitration had drafted the agreement containing the arbitration clause and had offered an implausible explanation for a nineteen-month delay); *Pounds v. Rohe*, 592 S.W.3d 549, 555 (Tex. App.—Houston [1st Dist.] 2019, no pet.) ("In sum, Pounds and Black's delay was not only substantial, it was knowing and

---

[4] On August 17, 2022, Great Lakes filed a motion for temporary relief asking us to stay the underlying proceedings in light of the proximity of the pending trial date. Given our disposition of this original proceeding, we deny Great Lakes's motion for temporary relief.

unexplained. If this was the sum total of the factors weighing in favor of waiver, waiver nonetheless would remain inappropriate.").

Nevertheless, in examining this "key factor," we conclude that a consideration of the foregoing factors, including the substantial duration of the delay, Great Lakes's failure to explain the delay, Great Lakes's knowledge of the forum selection clause as contained in its own insurance policy, and the pending trial setting, militate in favor of finding that waiver has occurred.

### 2. Discovery

We next consider the discovery-based factors. That is, how much discovery Great Lakes conducted before moving to dismiss, whether that discovery related to the merits, and whether the discovery conducted would be unavailable or useful in a different forum. *See G.T. Leach Builders, LLC*, 458 S.W.3d at 512. We remain mindful that affirmatively seeking some discovery is not alone sufficient to show a substantial invocation of the judicial process; rather, this factor contemplates an inquiry into both the nature and quantity of the discovery at issue. *See, e.g.*, *Richmont Holdings, Inc.*, 455 S.W.3d at 576; *Perry Homes*, 258 S.W.3d at 596–97.

Neither Great Lakes nor the Hursts have detailed the entirety of the discovery that has been conducted in this case. However, it is evident from the limited record provided that Great Lakes initiated multiple forms of discovery which addressed the merits of the litigation. According to our review, Great Lakes propounded requests for disclosures, sent requests for admissions, filed a motion to compel, and took several depositions. All of this activity took place before Great Lakes filed its motion to dismiss based on the forum selection clause, and it is evident that the referenced discovery pertained to the merits of

11

the Hursts' claims regarding breach of the insurance policy rather than the application of the forum selection clause. We conclude that this factor weighs in favor of finding waiver.

### 3. Merits

We next examine merits-based issues, that is, whether Great Lakes asserted affirmative claims for relief, whether it requested the court to dispose of claims on the merits, and the extent of Great Lakes's engagement in pretrial matters related to the merits. *See G.T. Leach Builders, LLC*, 458 S.W.3d at 512. On April 1, 2020, Great Lakes filed a crossclaim against the Williamses for indemnity, contribution, and reimbursement in the event that Great Lakes was found liable to the Hursts. These claims are not in the nature of claims for affirmative relief. *See RSL Funding*, 499 S.W.3d at 430–31 ("[A]sserting defensive claims—even if such claims seek affirmative relief—does not waive arbitration."); *see also Fisher v. Carlile*, No. 01-16-00615-CV, 2017 WL 2774486, at *5 (Tex. App.—Houston [1st Dist.] June 27, 2017, no pet.) (mem. op.).

On May 19, 2021, Great Lakes filed a traditional motion for summary judgment against the Hursts. Great Lake asserted that the Hursts' breach of contract claims regarding the insurance policy failed as a matter of law because it had not breached the policy, it had paid the Williamses pursuant to the policy, and the Williamses had executed a release in satisfaction of the claim. Great Lakes further asserted that it was entitled to summary judgment on the Hursts' tortious interference claim. Finally, Great Lakes asserted that there was no basis for any other claims, such as the conversion of funds and fraud. In its prayer, Great Lakes requested the trial court to dismiss the Hursts' claims against it with prejudice. Great Lakes included a copy of the insurance policy containing the forum selection clause as an exhibit to its motion for summary judgment. The Hursts

12

filed a response, Great Lakes filed a reply, and the Hursts filed a separate reply. The trial court ultimately denied Great Lakes' motion for summary judgment on June 18, 2021.

Seeking judgment on the merits is a "key" factor that is indicative of waiver. *Richmont Holdings, Inc.*, 455 S.W.3d at 575; *see G.T. Leach Builders, LLC*, 458 S.W.3d at 513; *Perry Homes*, 258 S.W.3d at 592. We bear in mind that a summary judgment that is merely defensive in nature may not be indicative of waiver. *See G.T. Leach Builders*, 458 S.W.3d at 513; *see also Branch Law Firm L.L.P. v. Osborn*, No. 14-14-00892-CV, 2016 WL 444867, at *23 (Tex. App.—Houston [14th Dist.] Feb. 4, 2016, pet. denied) (mem. op.); *Gracepoint Holding Co., v. FJR Sand, Inc.*, No. 01-19-00574-CV, 2020 WL 61594, at *6 (Tex. App.—Houston [1st Dist.] Jan. 7, 2020, no pet.) (mem. op.). Nevertheless, a party will have substantially invoked the judicial process if it tried, but failed, to receive a positive result through litigating a dispositive motion. *See Bierscheid v. JPMorgan Chase Bank*, 606 S.W.3d 493, 525 (Tex. App.—Houston [1st Dist.] 2020, pet. denied); *Hogg v. Lynch, Chappell & Alsup, P.C.*, 480 S.W.3d 767, 790 (Tex. App.—El Paso 2015, no pet.); *Nw. Const. Co. v. Oak Partners, L.P.*, 248 S.W.3d 837, 848 (Tex. App.—Fort Worth 2008, pet. denied); *Southwind Grp., Inc. v. Landwehr*, 188 S.W.3d 730, 736 (Tex. App.—Eastland 2006, no pet.); *see also BBX Operating, LLC v. Am. Fluorite, Inc.*, No. 09-17-00245-CV, 2018 WL 651276, at *8 (Tex. App.—Beaumont Feb. 1, 2018, no pet.) (mem. op.).[5]

---

[5] There are numerous other cases which reach the same conclusion. *See Pounds v. Rohe*, 592 S.W.3d 549, 555 (Tex. App.—Houston [1st Dist.] 2019, no pet.); *Tuscan Builders v. 1437 SH6 L.L.C.*, 438 S.W.3d 717, 720 (Tex. App.—Houston [1st Dist.] 2014, pet. denied); *Jones v. Citibank (S. Dakota), N.A.*, 235 S.W.3d 333, 340 (Tex. App.—Fort Worth 2007, no pet.); *Interconex, Inc. v. Ugarov*, 224 S.W.3d 523, 534 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Grand Homes 96, L.P. v. Loudermilk*, 208 S.W.3d 696, 704 (Tex. App.—Fort Worth 2006, pet. denied); *Williams Indus., Inc. v. Earth Dev. Sys. Corp.*, 110 S.W.3d 131, 135 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *see also PRSI Trading Co. v. Astra Oil Trading NV*, No. 01–10–00517–CV, 2011 WL 3820817, at *4 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) (on reh'g) (mem. op.).

The Hursts contend that Great Lakes should not be allowed to use a forum selection clause to obtain a "do-over" and "as a method to get a new judge, and perhaps a different ruling" on its traditional motion for summary judgement. We agree. Great Lakes waited to file its motion to dismiss until after the trial court denied its motion for summary judgment. An attempt to resolve the merits and retain the right to enforce a forum selection clause is "impermissible" and "perhaps the clearest type of conduct that is inconsistent" with the right to enforce a forum selection clause. *See Pounds*, 592 S.W.3d at 556 (collecting cases in the context of waiver of arbitration). We conclude that this factor weighs heavily in favor of waiver.

### 4. Detriment or Prejudice

For a party to waive a forum selection clause, the substantial invocation of the litigation process must also have prejudiced the opposing party. *Kennedy Hodges, L.L.P. v. Gobellan*, 433 S.W.3d 542, 545 (Tex. 2014). Accordingly, we next consider whether the Hursts have been prejudiced by Great Lakes's actions. In this context, prejudice is "inherent unfairness in terms of delay, expense, or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue" and later seeks to dismiss the case. *Id.* (quoting *Perry Homes*, 258 S.W.3d at 597); *see G.T. Leach Builders*, 458 S.W.3d at 515.

Here, Great Lakes waited almost two years after litigation commenced to file its motion to dismiss. This substantial delay, coupled with the time and expenses incurred by the Hursts in litigation, prejudiced the Hursts. *See Perry Homes*, 258 S.W.3d at 597; *Truly Nolen of Am., Inc. v. Martinez*, 597 S.W.3d 15, 25–26 (Tex. App.—El Paso 2020, pet. denied). More significantly, however, "[w]hen a movant already has unsuccessfully

14

sought a resolution on the merits, prejudice inheres in an attempt to start over in a different forum before a new decisionmaker." *Pounds*, 592 S.W.3d at 558. Enforcing the forum selection clause at this point in the proceedings would allow Great Lakes to undo the trial court's adverse summary-judgment ruling and deprive the Hursts of this favorable result. Damage to a party's legal position of this sort suffices to show detriment or prejudice in the context of waiver of the right to arbitrate. *See Kennedy Hodges*, 433 S.W.3d at 545; *Pounds*, 592 S.W.3d at 558; *Hogg*, 480 S.W.3d at 794–96. The prejudice "is apparent on the face of the record." *Pounds*, 592 S.W.3d at 558; *see Perry Homes*, 258 S.W.3d 599–600 (considering that undisputed facts in record showed existence of prejudice and detailed proof of its extent was not necessary).

**C.  Summary**

After examining the totality of the circumstances and the key factors concerning waiver, we conclude that Great Lakes substantially invoked the litigation process in contravention of its contractual forum selection clause. *See LaLonde*, 593 S.W.3d at 220. Great Lakes waited almost two years to file its motion to dismiss based on the forum selection clause, engaged in discovery on the merits, and most tellingly, sought and was denied summary judgment on the merits. Further, Great Lakes's substantial invocation of the judicial process prejudiced the Hursts. *See Perry Homes*, 258 S.W.3d at 597; *Truly Nolen of Am., Inc.*, 597 S.W.3d at 25–26; *Pounds*, 592 S.W.3d at 558. Accordingly, we conclude that Great Lakes substantially invoked the litigation process in contravention of its contractual forum selection clause.

## V.    CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response, and the applicable law, concludes that Great Lakes has not met its burden to obtain relief. Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a), (d).

GINA M. BENAVIDES
Justice

Delivered and filed on the
25th day of August, 2022.