# IN THE SUPREME COURT OF TEXAS

════════════
No. 13-0907
════════════

RICHMONT HOLDINGS, INC., NUKOTE HOLDING, INC., NUKOTE INTERNATIONAL, INC., INKBRARY, L.L.C., SUPERIOR ACQUISITIONS L.L.C., JOHN P. ROCHON, SR., JOHN P. ROCHON, JR., KELLY KITTRELL, RUSSELL MACK, C & R SERVICES, INC. AND KENNETH R. SCHLAG, PETITIONERS,

v.

SUPERIOR RECHARGE SYSTEMS, L.L.C., AND JON BLAKE, RESPONDENTS

════════════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE SECOND DISTRICT OF TEXAS
════════════════════════════════════════════════════════

**PER CURIAM**

In holding that petitioner waived arbitration by substantially invoking the judicial process, the court of appeals, ___ S.W.3d ___ (Tex. App.—Fort Worth 2013), misapplied our decision in *Perry Homes v. Cull*, 258 S.W.3d 580 (Tex. 2008). Accordingly, we reverse the court of appeals' judgment and remand the case to the trial court. TEX. GOV'T CODE § 22.225(b)(3), (c).

"We have said on many occasions that a party waives an arbitration clause by substantially invoking the judicial process to the other party's detriment or prejudice," but "[d]ue to the strong presumption against waiver of arbitration, this hurdle is a high one." *Perry Homes,* 258 S.W.3d at

589–90 (footnotes omitted). We have often determined that arbitration was not waived.[1] Whether a party has substantially invoked the judicial process depends on the totality of the circumstances; key factors include the reason for delay in moving to enforce arbitration, the amount of discovery conducted by the movant, and whether the movant sought disposition on the merits. *Perry Homes*, 258 S.W.3d at 590–93.

Richmont Holdings, Inc., through an affiliate, bought the assets of Superior Recharge Systems, L.L.C. The parties' Asset Purchase Agreement contained an arbitration provision. Superior Recharge's part-owner, Jon Blake, agreed to continue as general manager of the business for two years. The employment contract contained a covenant not to compete but not an arbitration clause. After six months, Blake's employment was terminated, allegedly for cause.

Superior Recharge and Blake (collectively "Blake") sued Richmont and several of its affiliates and principals (collectively "Richmont") in Denton County for fraud, breach of contract,

---

[1] *See Kennedy Hodges, L.L.P. v. Gobellan*, 433 S.W.3d 542, 544–45 (Tex. 2014) (per curiam) (law firm did not waive right to arbitrate a fee dispute with former clients by litigating with a former associate); *In re Fleetwood Homes of Tex., L.P.*, 257 S.W.3d 692, 694 (Tex. 2008) (per curiam) (defendant did not waive by "failing to pursue its arbitration demand for eight months while discussing a trial setting and allowing limited discovery"); *In re Citigroup Global Mkts., Inc.*, 258 S.W.3d 623, 625–26 (Tex. 2008) (per curiam) (defendant did not waive arbitration by removing case to federal court and acceding to remand seven months later before demanding arbitration); *In re Bank One, N.A.*, 216 S.W.3d 825, 827 (Tex. 2007) (per curiam) (defendant did not waive arbitration by moving to set aside a default judgment, requesting a new trial, and waiting eight months to move to compel arbitration); *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 783 (Tex. 2006) (contractors did not waive arbitration by suing to preserve evidence and cross-claiming for indemnity in a separate suit, absent a showing that their actions detrimentally affected the defendant); *In re Vesta Ins. Group, Inc.*, 192 S.W.3d 759, 763 (Tex. 2006) (per curiam) (defendants did not waive arbitration by litigating for two years, especially when the plaintiff initiated more discovery requests than he received); *In re Serv. Corp. Int'l*, 85 S.W.3d 171, 174–75 (Tex. 2002) (per curiam) (defendants did not waive arbitration by supporting plaintiffs' inclusion in a federal class action whose members were not subject to arbitration, and moving, *inter alia*, to dismiss in that action); *In re Bruce Terminix Co.*, 988 S.W.2d 702, 704 (Tex. 1998) (per curiam) (defendant did not waive arbitration by its delay and discovery requests, when the responses were insufficient to show prejudice); *EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 89–90 (Tex. 1996) (per curiam) (in the absence of a showing of prejudice, defendants did not waive arbitration by, *e.g.*, requesting discovery and waiting ten months to ask for arbitration); *Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 898–99 (Tex. 1995) (per curiam) (defendants did not waive arbitration by moving to strike an intervention, seeking and resisting discovery, and failing to timely seek mandamus review).

a declaration that the covenant not to compete was unenforceable, and an injunction. Richmont sued Blake individually in Dallas County to enforce the covenant not to compete, invoking a forum selection clause in that agreement, and moved to transfer venue of the Denton County suit to Dallas County or Collin County. The Dallas County suit was abated, and the motion to transfer was never decided.

In the Denton County suit, Richmont does not appear to have sought discovery other than a request for disclosure. *See* TEX. R. CIV. P. 194.1 and 194.2. Richmont failed to respond to Blake's discovery requests and was sanctioned $5,000. No trial date appears to have been set. Nineteen months after being sued, Richmont moved to compel arbitration, asserting that Blake's claims arose out of the Asset Purchase Agreement and were therefore subject to arbitration. Blake did not dispute that assertion but argued that Richmont had waived arbitration by engaging in litigation. The trial court denied the motion to compel.

The court of appeals affirmed, but not on waiver, the only ground Blake raised. Rather, it held that Blake's claims were not covered by the arbitration agreement. 392 S.W.3d 174, 182–83 (Tex. App.—Fort Worth 2011) (mem. op.). On Richmont's petition for review in this Court, Blake conceded that the court of appeals had erred. Accordingly, we reversed, stating:

> The court of appeals' conclusion that the arbitration provision in the asset purchase agreement has no application to Blake's lawsuit is contrary to the parties' contentions and has no support in the record. Moreover, the court's failure to recognize the arbitration agreement here is contrary to our precedent, which mandates enforcement of such an agreement absent proof of a defense.

392 S.W.3d 633, 635 (Tex. 2013) (per curiam). On remand, the court of appeals held that Richmont had waived arbitration by suing Blake in Dallas County, moving to transfer venue of the Denton

County suit, failing to respond to discovery requests, and delaying in moving to compel arbitration. ___ S.W.3d ___, ___ (Tex. App.—Fort Worth 2013).

Merely filing suit does not waive arbitration, even when the movant, as in this case, files a second, separate suit in another county based in part on a contract at issue in the first action. *See In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 783 (Tex. 2006). Nor, we think, does moving to transfer venue. The motion does not address the merits of the case. Moreover, objections to improper venue must be made at the outset of the case. TEX. R. CIV. P. 86. Richmont engaged in only minimal discovery. For the most part, it refused to respond to Blake's discovery requests. Richmont argues that it delayed in moving to compel arbitration because, while it drafted the Asset Purchase Agreement and knew full well of the arbitration clause, it was very slow in recognizing that the clause could apply to Blake's claims. We think this explanation implausible; certainly, it does not justify the delay. But mere delay in moving to compel arbitration is not enough for waiver. *In re Fleetwood Homes of Tex., L.P.*, 257 S.W.3d 692, 694 (Tex. 2008) (per curiam) (eight-month delay); *In re Vesta Ins. Group, Inc.*, 192 S.W.3d 759, 763 (Tex. 2006) (per curiam) (two-year delay); *see also Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 898–99 (Tex. 1995) (per curiam) ("A party does not waive a right to arbitration merely by delay; instead, the party urging waiver must establish that any delay resulted in prejudice."). The circumstances here, considered as a whole, do not approach a substantial invocation of the judicial process.

Having reached this conclusion, we need not consider whether Blake was prejudiced by the delay. Accordingly, we grant the petition for review and, without hearing oral argument, reverse the court of appeals' judgment and remand the case to the trial court. TEX. R. APP. P. 59.1.

Opinion delivered: December 19, 2014