**AFFIRMED and Opinion Filed January 31, 2022**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00165-CV**

**CHRIS FAST AND BRITTANY FAST, Appellants**
**V.**
**HAUK CUSTOM POOLS, LLC, Appellee**

**On Appeal from the 471st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 471-00339-2019**

## MEMORANDUM OPINION

Before Justices Molberg, Nowell, and Goldstein
Opinion by Justice Goldstein

Chris Fast and Brittany Fast appeal the trial court's order denying their motion to compel arbitration in the underlying suit arising from a suit for damages filed against them by Hauk Custom Pools, LLC. In two issues, the Fasts argue the trial court erred in denying their motion to compel arbitration and in concluding the Fasts substantially invoked the judicial process. We affirm.

On January 18, 2019, Hauk filed its original petition alleging claims of fraud, quantum meruit, and breach of contract against the Fasts. The petition alleged Hauk provided materials and services to the Fasts for a construction/remodeling project,

but the Fasts did not pay for the materials and services in full. Hauk sought damages in an amount "less than $100,000."

On February 11, 2019, the Fasts filed their original answer asserting a general denial. On March 20, 2019, the Fasts filed (1) responses to Hauk's request for disclosure, (2) objections and responses to Hauk's request for production, and (3) responses to Hauk's request for admissions.

On April 1, 2019, the Fasts filed their original counterclaim asserting they hired Hauk to remodel their pool, but Hauk failed to perform the work in a good and workmanlike manner; damaged their property, including the pool's pump and filter system; and failed to complete the work. The Fasts alleged claims of breach of contract and warranty, negligence and malice/gross negligence, fraud and fraud in the inducement, fraud pursuant to section 27.01 of the business and commerce code, and violations of the Texas Deceptive Trade Practices and Consumer Protection Act (DTPA). The counterclaim asserted Hauk's conduct was unconscionable and committed knowingly, entitling the Fasts to "all damages including statutory, treble, punitive, and exemplary damages" as provided by the DTPA and the common law. The counterclaim notified Hauk of the Fasts' "intent to utilize items produced in discovery in the trial of this matter." The Fasts also sought attorney's fees pursuant to the DTPA, section 38.001 of the civil practice and remedies code, and section 27.004(f) of the property code. On May 2, 2019, Hauk filed its original answer to the Fasts' counterclaim raising numerous affirmative defenses and seeking an award

of attorney's fees.  On June 3, 2019, the Fasts filed objections and responses to Hauk's second set of interrogatories.

On June 23, 2020, the trial court provided notice the case would be dismissed for want of prosecution unless, among other things, the parties submitted an agreed scheduling order requiring a "confirmed trial setting obtained from the Court Coordinator."  On July 21, 2020, the parties filed an agreed scheduling order that included the following pertinent deadlines: September 25, 2020 for filing "[a]ll other amended or supplemental pleadings; January 2, 2021 for mediation; February 1, 2021 "[c]lose of discovery (including expert discovery)"; and a March 3, 2021 trial setting.

On November 3, 2020, the Fasts filed their expert designation.  On January 26, 2021, the Fasts were both deposed.  On February 1, 2021, the Fasts served Hauk with their first set of requests for production and their first set of interrogatories and request for admissions.[1]  That same day, Hauk's counsel sent an email to the Fasts' counsel stating the discovery requests were not timely served to allow for responses before the discovery deadline, February 1, 2021; the case was set for trial on March 3, 2021; and, if the discovery requests were not withdrawn, Hauk would file a motion for protection and seek sanctions.  The next day, the Fasts' counsel replied with an email to "[c]onsider the requests withdrawn."

---

[1] The requests, both defensive in nature and merits based, propounded on the date discovery closed, made the responses due on the day of trial.

On February 4, 2021, the Fasts filed a motion to compel arbitration and plea in abatement. Attached to the motion was a copy of the September 13, 2018 contract between the parties providing that they would attempt to resolve disputes by mediation but, if not resolved by mediation, "claims, disputes and other matters shall be decided by binding arbitration . . . within a reasonable time after the claim, dispute or matter has arisen."[2] On February 11, the Fasts filed a request for an emergency hearing on the motion to compel arbitration. Also on February 11, Hauk filed a response to the Fast's motion to compel arbitration asserting, among other things, that the Fasts "waived their right to arbitration as a result of their substantial invocation of the litigation process and extreme delays in seeking to compel arbitration." Following a hearing, the trial court signed an order denying the Fasts' motion to compel arbitration on February 23, 2021. This appeal followed.

In their first issue, the Fasts argue they conclusively established that a valid arbitration agreement existed between the parties, and the parties' claims are within the scope of that agreement. Assuming without deciding the Fasts are correct, an issue not contested by appellees,[3] we turn to their second issue in which they argue the trial court erred in concluding they substantially invoked the judicial process.

---

[2] Mediation, a condition precedent to arbitration under the agreement, and per the agreed scheduling order, occurred on or about October 2020.

[3] We do not address what constitutes a reasonable time under the contract as that was not argued by the parties.

In general, a party seeking to compel arbitration must establish (1) the existence of a valid, enforceable arbitration agreement and (2) that the claims at issue fall within that agreement's scope. *Pilot Travel Centers, LLC v. McCray*, 416 S.W.3d 168, 177 (Tex. App.—Dallas 2013, no pet.) (citing *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding)). The party seeking to avoid arbitration then bears the burden of raising an affirmative defense to enforcement of the otherwise valid arbitration provision. *Id.* (citing *In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 607 (Tex. 2005)). In the absence of evidence of a valid defense, the trial court has no discretion—it must compel arbitration and stay its own proceedings. *Seven Hills Commercial, LLC v. Mirabal Custom Homes, Inc.*, 442 S.W.3d 706, 715 (Tex. App.—Dallas 2014, pet. denied).

We review a trial court's order denying a motion to compel arbitration for abuse of discretion. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018). We defer to the trial court's factual determinations if they are supported by evidence but review its legal determinations de novo. *Id.* Whether the claims in dispute fall within the scope of a valid arbitration agreement is a question of law, which we review de novo. *Id.*[4]

Hauk contends the Fasts implicitly waived their right to arbitration by their litigation conduct. Waiver is the "intentional relinquishment of a known right or

---

[4] The trial judge's order reflects only a denial without factual determinations.

intentional conduct inconsistent with claiming that right." *LaLonde v. Gosnell*, 593 S.W.3d 212, 218–19 (Tex. 2019). The test for determining waiver by litigation conduct is two-pronged: (1) did the party seeking arbitration substantially invoke the judicial process, and (2) did the opposing party prove that it suffered prejudice as a result. *Perry Homes v. Cull*, 258 S.W.3d 580, 589–90 (Tex. 2008); *In re Bank One N.A.*, 216 S.W.3d 825, 827 (Tex. 2007). Because the law favors and encourages arbitration, the hurdle to prove waiver is a high one. *Id.* Whether a party waived its right to arbitration is a question of law we review de novo. *Kennedy Hodges, L.L.P. v. Gobellan*, 433 S.W.3d 542, 545 (Tex. 2014).

Whether a party has substantially invoked the judicial process depends on the totality of the circumstances. *Perry Homes*, 258 S.W.3d at 589–90. Courts consider a "wide variety" of factors, including:

- how long the party moving to compel arbitration waited to do so;

- the reasons for the movant's delay;

- whether and when the movant knew of the arbitration agreement during the period of delay;

- how much discovery the movant conducted before moving to compel arbitration, and whether that discovery related to the merits;

- whether the movant requested the court to dispose of claims on the merits;

- whether the movant asserted affirmative claims for relief in court;

- the extent of the movant's engagement in pretrial matters related to the merits (as opposed to matters related to arbitrability or jurisdiction);

• the amount of time and expense the parties have committed to the litigation;

• whether the discovery conducted would be unavailable or useful in arbitration;

• whether activity in court would be duplicated in arbitration;

• when the case was to be tried.

*G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 512 (Tex. 2015) (citing *Perry Homes*, 258 S.W.3d at 590–91).

The conduct supporting waiver "must go beyond merely filing suit or seeking initial discovery." *Perry Homes*, 258 S.W.3d at 590. How much discovery is required to support waiver depends on the context: "three or four depositions may be all the discovery needed in one case, but purely preliminary in another." *Id*. at 593. Courts consider a variety of factors, including (1) how much discovery was conducted, (2) who initiated discovery, (3) whether the discovery related to the merits rather than arbitrability or standing, and (4) how much of the discovery would be useful in arbitration. *G.T. Leach*, 458 S.W.3d at 512.

In *G.T. Leach*, the Court explained that "a party's litigation conduct aimed at defending itself and minimizing its litigation expenses, rather than taking advantage of the judicial forum, does not amount to substantial invocation of the judicial process." *G.T. Leach*, 458 S.W.3d at 513. The Court concluded that G.T. Leach's counterclaim was "defensive in nature" because G.T. Leach was required to file compulsory counterclaims or risk losing them altogether and G.T. Leach never

sought judgment on the merits of the counterclaim. *See id*. (citing TEX. R. CIV. P. 97(a)). The Court also concluded that G.T. Leach's motions to designate responsible third parties, for continuance, and to quash depositions were similarly "defensive, rather than offensive, in nature." *See id*.

Moreover, a party does not waive its right to arbitration merely by delay; the party urging waiver must establish that any delay resulted in prejudice. *Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 898–99 (Tex. 1995) (per curiam). Key factors in determining whether delay supports waiver include (1) the length of the delay, (2) the reasons for it, and (3) when the movant was aware of its arbitral rights. *Richmont Holdings, Inc. v. Superior Recharge Sys., L.L.C.*, 455 S.W.3d 573, 575 (Tex. 2014).

The Fasts argue "trial court counsel" was not aware of the arbitration provision in the underlying contract until January 26, 2021 when Hauk took the Fasts' depositions. The Fasts do not argue that they were unaware of the arbitration agreement in the contract they signed with Hauk, rather, they assert that, "[n]otwithstanding these facts," the Fasts' "knowledge of the arbitration clause, answering Appellee's petition, filing a counter claim, and participating in limited

discovery" were not enough to support the trial court's denial of their motion to compel arbitration.[5] We disagree.

The record shows Hauk filed its original petition in January 2019, and the Fasts waited until February 4, 2021 to file a motion to compel arbitration. In the intervening two years, the record shows the Fasts participated in discovery, filed a counterclaim seeking affirmative relief, were deposed, mediated, and untimely propounded merits based discovery. Under the July 21, 2020 agreed scheduling order, when the Fasts filed their motion to compel arbitration, discovery had closed, all pertinent deadlines had passed and the agreed trial date was less than a month away. Based on the totality of the circumstances, we conclude the Fasts substantially invoked the judicial process in this case. *See id.*

Further, we conclude Hauk established that it suffered prejudice as a result. *See Perry Homes*, 258 S.W.3d at 589–90. "[F]or purposes of a waiver of an arbitration agreement[,] prejudice refers to the inherent unfairness in terms of delay, expense, or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue." *Id.* at 597 (citing *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 346 (5th Cir.

---

[5] The trial court heard the arguments and read the pleadings, as have we, and the record reflects that Appellant's original answer and counterclaim in the respective opening paragraphs advised that said filings were "[w]ithout waiving any right to arbitrate."

2004)).  Here, neither party sought arbitration for nearly two years,[6] and both parties substantially invoked the judicial process.  Only when the Fasts missed the agreed-upon discovery deadline, and less than a month before trial, they sought to compel arbitration, a right they purported to reserve in pleadings filed two years before.  Thus, the Fasts delayed disposition of the case by switching to arbitration when trial was imminent.  *Id.*  Under the aggregate totality of the circumstances, we conclude the trial court did not abuse its discretion in denying the Fasts' motion to compel arbitration.  *See Henry*, 551 S.W.3d at 115.  We overrule the Fasts' second issue.

We affirm the trial court's order denying the Fasts' motion to compel arbitration.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

210165F.P05

---

[6] We find there is sufficient evidence in the record that all parties knew of the arbitration provision from the inception of the lawsuit and dispute.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CHRIS FAST AND BRITTANY
FAST, Appellants

No. 05-21-00165-CV     V.

HAUK CUSTOM POOLS, LLC,
Appellee

On Appeal from the 471st Judicial
District Court, Collin County, Texas
Trial Court Cause No. 471-00339-
2019.
Opinion delivered by Justice
Goldstein. Justices Molberg and
Nowell participating.

In accordance with this Court's opinion of this date, the trial court's order denying Chris Fast and Brittany Fast's motion to compel arbitration is **AFFIRMED**.

It is **ORDERED** that appellee HAUK CUSTOM POOLS, LLC recover its costs of this appeal from appellants CHRIS FAST AND BRITTANY FAST.

Judgment entered January 31, 2022