**Opinion issued February 7, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00685-CV

————————————

**MAC HAIK CHEVROLET, LTD. AND HOUSTON MAC HAIK
AUTOMOTIVE, LLC, Appellants**

**V.**

**STEVEN PAUL PARKER AND ABIGAIL NICOLE PARKER, Appellees**

---

**On Appeal from the 295th District Court
Harris County, Texas
Trial Court Case No. 2020-10165**

---

## MEMORANDUM OPINION

Appellees, Steven Paul Parker and Abigail Nicole Parker (collectively, the

"Parkers"), purchased a used car and extended warranty from appellants, Mac Haik

Chevrolet, Ltd., and Houston Mac Haik Automotive, LLC (collectively, "Mac

Haik"). After the warranty did not cover repairs to the car as expected, the Parkers

sued Mac Haik for fraud and violations of the Texas Deceptive Trade Practices Act.[1] Mac Haik subsequently filed a motion to compel arbitration. The trial court denied the motion and concluded "that arbitration has been waived" due to the inability of the parties "to get even the basics done toward arbitration." Mac Haik now brings this interlocutory appeal.[2] In a single issue, Mac Haik challenges the trial court's order denying its motion to compel arbitration on the basis of waiver of the right to arbitrate.

We reverse and remand.

## Background

On January 30, 2017, the Parkers purchased a 2013 Audi A6 sedan, with 71,790 miles on the odometer, from automobile dealer Mac Haik. The terms of the sale were governed by a Motor Vehicle Retail Installment Sales Contract (the "Contract"). The Contract included the sale of an extended warranty, known as a MasterTech Vehicle Protection Program (the "Warranty"). The Parkers alleged in their petition that Mac Haik represented to them that the Warranty would cover repairs to the Audi "for 48 months and 100,000 miles."

---

[1]    *See* TEX. BUS. & COM. CODE §§ 17.46(b), 17.50.

[2]    *See* TEX. CIV. PRAC. & REM. CODE § 51.016 (authorizing certain interlocutory appeals in matters subject to Federal Arbitration Act); *see also* 9 U.S.C. §§ 1–16.

In mid-2018, the Audi, which by then had an odometer reading of 109,000 miles, began having mechanical problems. The Parkers alleged that when they presented the Audi to a shop for repairs, "MasterTech declined to cover the repair costs, citing that the warranty had run at 107,000 miles instead of the expected 171,000 miles." As a result, the Parkers were unable to complete the repairs and the Audi sat idle, leaving the Parkers to rely on alternate transportation.

On February 13, 2020, the Parkers brought the instant suit against Mac Haik, asserting claims for fraud and violations of the DTPA. They asserted that during the purchase negotiations they had requested a 48-month, 100,000-mile warranty and that Mac Haik had initially declined, stating that the Audi was ineligible based on its mileage. Later, however, Mac Haik sold them the Warranty, which Mac Haik represented would cover repairs for "48 months and 100,000 miles," for which the Parkers paid $3,500.00.

In fact, the Warranty provided coverage for only 36,000 miles after their purchase. The Parkers alleged that Mac Haik "misrepresented the [Audi's] eligibility for the warranty by changing the mileage on the Warranty" contract. Namely, rather than listing the correct mileage of 71,790, Mac Haik represented on the contract that the Audi had "Odometer Mileage" of only 7,179.

Mac Haik generally denied their allegations and asserted various affirmative defenses.

On March 4, 2020, Mac Haik sent the Parkers a demand for arbitration based on the following arbitration provision in their Contract:

1.      EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.

          . . . .

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision and the arbitrability of the claim in dispute), between you [the Parkers] and us [Mac Haik] or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase, or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral binding arbitration and not by a court action. . . .

. . . . We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims [are] frivolous under applicable law. Each party shall be responsible for its own attorney, expert, and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the [FAA] . . . and not by any state law concerning arbitration. . . .

In February 2021, the parties filed an agreed motion to abate the case and refer it to arbitration. The trial court granted the motion. In doing so, the trial court found that this "dispute is subject to arbitration pursuant to an enforceable arbitration

clause" and ordered the case "suspended until the parties conclude[d] arbitration in accordance with the Contract."

Thereafter, the parties chose an arbitrator; but disagreed about the meaning of the Contract's language regarding the parties' respective payment of fees.

In July 2021, Mac Haik sent the arbitrator a copy of the Contract and pointed out the language that "provided for [Mac Haik] to pay a maximum of $5,000.00." The Parkers responded that:

> The Parties agree that the first $10,000.00 of fees and expenses of the arbitrator shall be borne by [Mac Haik]. Any fees and expenses that exceed $10,000.00 shall be borne equally by the Parties. [Mac Haik] agree[s] to timely deposit funds in advance of the arbitration, up to the maximum of $10,000.00, as invoiced by the arbitrator for estimated arbitrator fees and expenses . . . .

The parties were unable to resolve their differences on the fee issue and, in June 2022, the trial court set a status conference for July 25, 2022, noting:

> Parties have not done anything in the last 15 months to proceed through arbitration. They indicated there was a problem with how the arbitrator was to be paid. Reset the status conference to 07/25 at 2:00 p.m. and told them if they didn't have a date for final hearing and a discovery order that I was holding that the arbitration has been waived and that I was bringing them back here and would try the case in 9 months.

The status conference was later reset for August 8, 2022. Before that date, counsel for Mac Haik notified the trial court and the Parkers that he would be out of the country and asked for the status conference to be reset. The trial court did not respond and the status conference went forward on August 8 without Mac Haik.

5

In the interim, Mac Haik moved to dismiss the Parkers' claims, asserting that they refused to pay their share of the arbitration fees under the Contract and were the sole cause of the delay in arbitrating the case. In response, the Parkers stated that "[a]lthough they believed the cost of arbitration to be excessive, Plaintiffs agreed to arbitration," but they "have been unable to raise the funds necessary to initiate the arbitration and are [instead] ready and willing to go to trial in this Court in May of 2023."

The trial court denied Mac Haik's motion to dismiss and ordered sua sponte that "through the inactivity of the parties that arbitration has been waived." The next week, Mac Haik filed a Motion to Compel Arbitration, asserting that there was no dispute that the arbitration provision in the Contract was valid and that the Parkers' claims fell within its scope. With respect to the trial court's earlier sua sponte finding of waiver of arbitration, Mac Haik pointed out that the Parkers never raised or attempted to establish any defense to arbitration, including any waiver of the right to arbitrate.

The Parkers responded by generally stating that they were not the sole cause of the delay in commencing arbitration and that any waiver of the right to arbitrate could be supported by Mac Haik's failure to appear at the August 8, 2022 status conference.

The trial court denied the motion to compel arbitration and stated:

6

[T]his case will proceed to trial as planned beginning the two-week period of May 1, 2023. The Court has previously found that as a result of the parties['] conduct over the last 19 months and their inability to get even the basics done toward arbitration, and the Court's ability to manage the Court's docket, that arbitration has been waived.

## Motion to Compel Arbitration

In its sole issue, Mac Haik maintains that the trial court abused its discretion in denying its motion to compel arbitration on the basis that "arbitration has been waived."

### *Standard of Review and Principles of Law*

"We review a trial court's order denying a motion to compel arbitration for [an] abuse of discretion." *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018). A trial court abuses its discretion if it acts arbitrarily or unreasonably. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). We defer to the trial court's factual determinations if they are supported by evidence but review its legal determinations de novo. *Henry*, 551 S.W.3d at 115. Whether a party has waived its right to arbitrate is a question of law, which we review de novo. *Id.*

Here, the Contract expressly states that its arbitration provision is governed by the Federal Arbitration Act ("FAA"), and neither party argues otherwise.[3] *See id*. "Under the FAA, a presumption exists favoring agreements to arbitrate." *Id.* A party

---

[3] Because the principles applicable to this appeal are the same under both the FAA and the Texas General Arbitration Act, we rely interchangeably on the caselaw. *See Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 56, n.10 (Tex. 2008).

7

seeking to compel arbitration must establish (1) that a valid arbitration agreement exists and (2) that the claims at issue fall within its scope. *Id.* If the proponent meets its burden, the burden shifts to the party opposing arbitration to prove a defense to enforcement. *Id.*

An opponent asserting waiver as a defense to arbitration must establish in the trial court *both* of the following prongs: (1) that the proponent of arbitration has "substantially invoked the judicial process," which is conduct inconsistent with a claimed right to compel arbitration, and (2) that the inconsistent conduct has caused the opponent to suffer prejudice. *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 511–12 (Tex. 2015). "Due to the strong presumption against waiver of arbitration, [the] hurdle [to establish waiver] is a high one." *Perry Homes v. Cull*, 258 S.W.3d 580, 590 (Tex. 2008).

A waiver of arbitration can be implied from a party's conduct, but "that conduct must be unequivocal. And in close cases, the 'strong presumption against waiver' should govern." *Id.* at 593. Whether a proponent substantially invoked the judicial process must therefore be based on the totality of the circumstances in the case and involves numerous factors, such as: (1) whether the proponent is the plaintiff or defendant; (2) the duration of any delay in moving to compel arbitration and the reasons for such delay; (3) the extent of the proponent's engagement in pretrial matters and discovery on the merits; (4) whether the proponent sought relief

on the merits in the trial court; (5) the time and expense the parties have expended in litigation; and (6) whether any discovery conducted would be unavailable or useful in arbitration. *RSL Funding, LLC v. Pippins*, 499 S.W.3d 423, 430 (Tex. 2016).

For example, "a party who enjoys substantial benefits by gaining an advantage in the pretrial litigation process should be barred from turning around and seeking arbitration with the spoils." *Perry Homes*, 258 S.W.3d at 593. Moreover, "[s]ubstantially invoking the judicial process can occur when the proponent of arbitration actively tried, but failed, to achieve a satisfactory result in litigation before turning to arbitration." *Williams Indus., Inc. v. Earth Dev. Sys. Corp.*, 110 S.W.3d 131, 135 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

Under the second prong, the opponent may establish prejudice by showing that it incurred costs as a result of the proponent's actions or that the proponent acquired information in the trial court not discoverable in arbitration. *Id.* at 135; *see also Perry Homes*, 258 S.W.3d at 594–95, 597.

If the trial court concludes that a valid arbitration agreement encompasses the claims at issue and that the opponent has failed to establish every element of a defense to arbitration, here waiver, the trial court "has no discretion but to compel arbitration and stay its own proceedings." *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753–54 (Tex. 2001).

*Discussion*

Here, the parties do not dispute the validity of the arbitration agreement or that the Parkers' claims fall within its scope. Indeed, at the outset of the case, the Parkers and Mac Haik filed an agreed motion asking the trial court to refer the case to arbitration. The trial court did so and expressly found that this "dispute is subject to arbitration pursuant to an enforceable arbitration clause."

In order to establish waiver of the right to arbitrate, the Parkers had the heavy burden to prove *both* of these prongs: (1) that Mac Haik substantially invoked the judicial process in a manner inconsistent with its claimed right to compel arbitration *and* (2) that they, the Parkers, suffered actual prejudice as a result of that inconsistent conduct. *See Henry*, 551 S.W.3d at 116.

With respect to the first prong, the Parkers generally stated in their response to Mac Haik's motion to compel arbitration that waiver could be supported by Mac Haik not appearing at the August 8, 2022 status conference—"If anyone waived their right to arbitrate, it is Mac Haik, as its attorney did not appear at the August 8, 2022 status conference to state Defendant's case for arbitration." The Parkers did not direct the trial court to any legal authority supporting that assertion, and they did not argue it in this Court.[4] Moreover, we are unaware of any legal authority in Texas

---

[4]  The Parkers included this general assertion in their Conclusion and Prayer to their appellees' brief, but, again, did not provide this Court with any supporting argument or legal authority. *See* TEX. R. APP. P. 38.1(i), 38.2.

providing that the right to arbitrate is waived when the proponent does not attend a status conference.

To the extent that the Parkers are also contending under the first prong that Mac Haik should have moved to compel arbitration sooner than August 2022 (even though the case was already referred to arbitration), it is settled that "mere delay in moving to compel arbitration is not enough for waiver." *Richmont Holdings, Inc. v. Superior Recharge Sys., L.L.C.*, 455 S.W.3d 573, 576 (Tex. 2014); *G.T. Leach Builders*, 458 S.W.3d at 515 ("Waiver can be implied from a party's unequivocal conduct, but not by inaction.").

This contention is also refuted by *In re Vesta Insurance,* 192 S.W.3d 759 (Tex. 2006) (orig. proceeding).  In *Vesta Insurance*, the plaintiff similarly argued that the defendant waived arbitration by participating in litigation for two years before moving to compel arbitration. *Id.* at 763. There, the record showed that, during that time, the defendant sought initial discovery, took four depositions, and moved to dismiss the case for lack of standing. *Id.* at 763–64.  The supreme court held that such delay, without more, did not demonstrate that the defendant "substantially invoked the judicial process enough to overcome the strong presumption against waiver." *Id.* at 764.  Indeed, the supreme court has "declined to conclude that the right to arbitrate was waived in all but the most unequivocal of circumstances." *Henry*, 551 S.W.3d at 116.

11

Here, similarly, the passage of time before Mac Haik moved to compel arbitration, without more, does not show that it substantially invoked the judicial process. *See id.* In that regard, the record also shows that the Parkers filed this lawsuit in February 2020 and that Mac Haik sent the Parkers a written demand for arbitration about one month later. The parties then subsequently filed an agreed motion to abate the case and refer the case to arbitration, which the trial court granted.

The record before us is silent as to the extent of Mac Haik's engagement in pretrial matters, whether it engaged in significant motion practice, whether any discovery has been conducted and, if so, whether it related to the merits or would be useful in arbitration, and the time and expense the parties have expended in litigation. *See RSL Funding*, 499 S.W.3d at 430. The record also does not reflect that Mac Haik sought relief on the merits in the trial court. *See id.*

Therefore, based on the totality of the circumstances in this case, this contention by the Parkers is also without merit. It cannot overcome the "strong presumption against waiver of arbitration" under Texas law. *See Perry Homes*, 258 S.W.3d at 590. Stated differently, the Parkers failed to establish unequivocal conduct by Mac Haik, under the first prong, of any substantial invocation of the judicial process or that it enjoyed substantial benefits in the pretrial litigation

process—between the time that the case was referred to arbitration and when Mac Haik subsequently filed its motion to compel arbitration. *See id*. at 591–93, 597.

The Parkers also argue for the first time on appeal that "Mac Haik implicitly waived the arbitration agreement by filing its Motion to Dismiss for Plaintiffs' Failure to Arbitrate in Accordance with the Contract between the Parties." As support for that proposition, the Parkers rely on *Perry Homes. Id*. at 589–90. That reliance is also misplaced.

In *Perry Homes*, the plaintiff homeowners vigorously opposed arbitration in their pleadings and in open court. But after conducting extensive discovery about every aspect of the merits, the plaintiffs changed course and moved to compel arbitration—just four days before the trial setting. *Id*. at 584. The supreme court held that the homeowners substantially invoked the litigation process to the defendants' prejudice and thus waived arbitration. *Id.* at 596–97.

Here, the Parkers made no showing that Mac Haik's filing of a motion to dismiss constituted unequivocal conduct from which waiver of arbitration can be implied. In that regard, the Texas Supreme Court has held that filing a motion to dismiss on grounds other than on the merits of the case does not constitute substantially invoking the judicial process in a manner inconsistent with a claimed right to compel arbitration. *See Vesta Ins.*, 192 S.W.3d at 764. That is especially true here where the trial court had already referred the case to arbitration.

Again, the record here shows that the parties agreed to arbitration at the beginning of the case and then, at the parties' request, the trial court referred the case to arbitration. The parties then became embroiled in a disagreement over the payment of arbitration fees as specified in the parties' arbitration agreement for nearly 19 months—a threshold arbitration matter. *See Faust Distrib. Co. Inc., LLC v. Verano*, No. 01-21-00460-CV, 2022 WL 3588423, at *9 (Tex. App.—Houston [1st Dist.] Aug. 23, 2022, no pet.) (mem. op.) (holding that, although sixteen months passed between filing of answer and moving to compel arbitration, defendant did not substantially invoke judicial process in manner inconsistent with claimed right to arbitration because "most of the delay was caused by the parties' disagreement" over threshold arbitration matter). With respect to the fee dispute, we note that the Parkers asserted in their response to the motion to dismiss that they were "unable to raise the funds necessary to initiate the arbitration, but are ready and willing to go to trial in this Court in May of 2023."[5]

Accordingly, based on the record and arguments presented to us, and the totality of circumstances in this case, we conclude that the Parkers did not meet their

---

[5] The record does not reflect that the Parkers presented any evidence to the trial court or arbitrator about the fees provision in the arbitration agreement being cost-prohibitive. *See In re Poly-Am., L.P.*, 262 S.W.3d 337, 356 (Tex. 2008) ("[T]he burden of demonstrating that incurring such costs is likely under a given set of circumstances rests, at least initially, with the party opposing arbitration." (internal quotations omitted)).

initial burden under the first prong of the test to establish that Mac Haik substantially invoked the judicial process.[6] *See Henry*, 551 S.W.3d at 118; *Vesta Ins.*, 192 S.W.3d at 764. We hold that the trial court therefore abused its discretion in denying Mac Haik's motion to compel arbitration on the basis that Mac Haik waived its right to arbitration. *See In re FirstMerit Bank*, 52 S.W.3d at 753–54.

We sustain Mac Haik's sole issue.

---

[6] Recently, the United States Supreme Court addressed whether federal courts may condition waiver of the right to arbitrate on a showing of prejudice. *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1712–13 (2022). The Court held that courts may not do so, reasoning that outside the arbitration context, a waiver inquiry "does not generally ask about prejudice," and courts should not create "special, arbitration-preferring procedural rules." *Id*. at 1713. Here, we hold that the Parkers did not meet their burden to establish that Mac Haik substantially invoked the judicial process. We therefore need not address whether *Morgan* abrogates the requirement in Texas jurisprudence that a party seeking to establish waiver of the right to arbitrate must establish both (1) substantial invocation of the judicial process, and (2) prejudice as a result of the opposing party's inconsistent conduct. *See Turnbull Legal Group, LLC v. Microsoft Corp.*, No. 01-20-00851-CV, 2022 WL 14980287, at *15, n.10 (Tex. App.—Houston [1st Dist.] 2022, no pet. h.) (mem. op.); *see also Henry v. Cash Biz, LP*, 551 S.W.3d 111, 118 (Tex. 2018) (concluding that opponent did not establish that proponent substantially invoked judicial process under first prong and thus declining to reach prejudice under second prong).

15

## Conclusion

We reverse the trial court's order denying the motion to compel arbitration and remand the case to the trial court for further proceedings consistent with this opinion, including the entry of an order granting the motion to compel arbitration and an appropriate stay.

Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Countiss and Rivas-Molloy.