

# NUMBER 13-23-00286-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MCMILLIN TEXAS HOMES, LLC
D/B/A TEXAS HOMES,                                              Appellant,

v.

CHRISTOPHER OLIVER AND
GERMAINE OLIVER,                                                Appellees.

## On appeal from the 37th District Court
## of Bexar County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina
Memorandum Opinion by Chief Justice Contreras**

Appellant McMillin Texas Homes, LLC d/b/a Texas Homes (MTH[1]) argues by one

---

[1] In its brief on appeal, MTH states that it was "[i]ncorrectly named below" and that its actual name is "McM Texas Homes LLC."

issue in this appeal that the trial court erred in denying its plea in abatement and motion to compel arbitration in a suit brought by appellees Christopher and Germaine Oliver. We reverse and remand.[2]

## I. BACKGROUND

Pursuant to a 2012 purchase agreement, MTH constructed and sold a home in San Antonio to the Olivers. On September 28, 2021, the Olivers filed the instant suit arguing that, since the purchase, they "found a number of defects in the construction of the home," including "what appeared to be a structural problem causing water intrusion." The Olivers asserted causes of action for negligence, breach of the purchase agreement, breach of the warranty of habitability, and violations of the Texas Deceptive Trade Practices Act. They sought "rescission of the contract for the purchase of the home," reimbursement of "sums spent in purchasing and improving the house," other damages, and attorney's fees.

On October 5, 2021, MTH filed a combined answer, plea in abatement, and motion to compel arbitration. In its answer, MTH generally denied the Olivers' allegations and argued specifically that the purchase agreement contained only a limited express warranty which did not cover the alleged defects at issue. In its plea and motion, MTH argued that the case should be abated and referred to arbitration pursuant to the following provision in the purchase agreement:

> BINDING ARBITRATION: <u>PURCHASER VOLUNTARILY AND KNOWINGLY WAIVES ANY RIGHT HE/SHE MAY HAVE TO A JURY TRIAL</u>. This Agreement is subject to arbitration under the Texas Arbitration

---

[2] This appeal was transferred from the Fourth Court of Appeals in San Antonio pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

Act (Tex. Civ. Prac. & Rem. Code § 171.001 et seq.). All claims, demands, disputes, controversies, and differences that may arise between the parties to this Agreement, of whatever nature or kind, including, without limitation, disputes: (1) as to events, representations, or omissions which predate this Agreement; (2) arising out of this Agreement; (3) relative to the construction contemplated by this Agreement; and/or (4) repairs or warranty claims arising after the construction is completed, shall, upon the demand of either party, be submitted to binding arbitration, which shall be governed by the provisions of the American Arbitration Association (AAA) Construction Industry Arbitration Rules (in effect at the time demand for arbitration is made, except as set forth herein) and the Texas Arbitration Act. . . .

A copy of the agreement was attached to the pleading as an exhibit.[3] That same day, MTH filed a "Third-Party Petition and Motion to Compel Joinder in Arbitration Proceeding" against two subcontractors.

On March 10, 2022, the Olivers filed a "Motion to Set for Jury Trial," and the record contains an "Order Setting Case for Jury Trial"[4] on April 3, 2023.[5] On February 3, 2023, MTH filed a "Notice of Hearing" indicating that its plea in abatement and motion to compel arbitration would be heard on February 28, 2023. Later, it filed an amended notice showing an updated hearing date of March 3, 2023.

At the March 3, 2023 hearing, the principal issue was whether MTH waived its right to enforce the arbitration clause. When the trial court asked MTH's counsel why the

---

[3] The pleading contained a verification by MTH's agent swearing to the authenticity of the exhibit.

[4] The order also directed the parties to engage in mediation and stated that the mediation "shall be COMPLETED 45 days prior to your trial date."

[5] The one-page "Order Setting Case for Jury Trial" directly follows the one-page "Motion to Set for Jury Trial" in the clerk's record and the two appear to have been filed together as one document. The order contains the stamped name of the presiding judge of the 73rd District Court, but it does not contain his signature, the case number or style, or signature blocks for the parties' attorneys. For these reasons, MTH suggests on appeal that the proposed order was "considered as a fiat [i.e., an order setting a hearing on the Olivers' motion] by the clerk's office and processed accordingly." However, MTH does not dispute that the order was duly rendered or that trial was in fact set for April 3, 2023.

motion to compel was being heard seventeen months after it was filed, counsel replied, "There's no specific reason that this wasn't set on a docket until now." Counsel explained that his firm "has about 25 cases" involving MTH, that all of those cases were in arbitration except for this one, and that he "frankly anticipated an agreement to move this to arbitration" but the Olivers' counsel did not agree. The trial court observed that the case file is "sparse" and that "there's not a lot of activity from 2021 to 2023."

The Olivers' counsel explained that he and an MTH representative had previously discussed mediating the case because the Olivers "aren't in a financial position to pay for AAA arbitration." Counsel argued that MTH waived its right to arbitrate because of the delay and because the motion to compel was being heard "on the eve of trial." Counsel further contended that the Olivers would be "unduly prejudiced" should they be compelled to arbitrate.[6]

Following the hearing, the trial court orally denied MTH's plea in abatement and motion to compel arbitration "without prejudice." Subsequently, MTH and one of the third-party defendants filed a "Joint Motion for Continuance, Subject to Defendant's Plea in Abatement and Motion to Compel Arbitration," asking for the April 3 trial setting to be continued "in order to preserve [MTH]'s right to arbitrate this dispute." The trial court granted the joint motion and reset trial for February 12, 2024.

After another hearing on April 19, 2023, the trial court signed a written order denying MTH's plea in abatement and motion to compel arbitration "without prejudice."

---

[6] At the hearing, the Olivers' counsel objected to the copy of the arbitration agreement which was attached to MTH's plea and motion on grounds of authenticity and hearsay. However, the trial court never ruled on the objection, and the Olivers do not assert in their appellees' brief that this evidentiary issue supports the trial court's ruling.

4

This interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.098(1).[7]

## II. DISCUSSION

### A. Applicable Law and Standard of Review

The Texas Arbitration Act (TAA) provides that "[a] written agreement to arbitrate is valid and enforceable if the agreement is to arbitrate a controversy that: (1) exists at the time of the agreement; or (2) arises between the parties after the date of the agreement." *Id.* § 171.001(a). "A court shall order the parties to arbitrate on application of a party showing: (1) an agreement to arbitrate; and (2) the opposing party's refusal to arbitrate." *Id.* § 171.021(a). "Once the trial court concludes that the arbitration agreement encompasses the claims, and that the party opposing arbitration has failed to prove its defenses, the trial court has no discretion but to compel arbitration and stay its own proceedings." *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753–54 (Tex. 2001) (orig. proceeding).

However, like all contract rights, the right to arbitration is subject to waiver. *See RSL Funding, LLC v. Pippins*, 499 S.W.3d 423, 430 (Tex. 2016). In particular, as relevant here, a party may waive its right to enforce an arbitration clause by "substantially invoking the judicial process to the other party's detriment or prejudice." *Perry Homes v. Cull*, 258 S.W.3d 580, 589–90 (Tex. 2008).[8] "There is a strong presumption against waiver of

---

[7] On December 13, 2023, we granted MTH's unopposed motion to stay the trial court proceedings until such time as the appeal can be resolved. *See* TEX. R. APP. P. 29.3.

[8] The Olivers argue in their brief that, in order to establish that MTH waived its right to enforce the arbitration clause, they did not need to show they suffered prejudice. They cite *Morgan v. Sundance*, in which the United States Supreme Court recently held that "prejudice is not a condition of finding that a party, by litigating too long, waived its right to . . . compel arbitration under the FAA [Federal Arbitration Act]." 596 U.S. 411, 419 (2022); *see id.* at 417–18 (noting that, "[o]utside the arbitration context, a federal

5

arbitration, but it is not irrebuttable . . . ." *Id.* at 590. "[T]he universal test for implied waiver by litigation conduct is whether the party's conduct—action or inaction—clearly demonstrates the party's intent to relinquish, abandon, or waive the right at issue—whether the right originates in a contract, statute, or the constitution." *LaLonde v. Gosnell*, 593 S.W.3d 212, 219–20 (Tex. 2019). Because the law favors and encourages arbitration, "this hurdle is a high one." *Richmont Holdings, Inc. v. Superior Recharge Sys., L.L.C.*, 455 S.W.3d 573, 575 (Tex. 2014) (per curiam) (quoting *Perry Homes*, 258 S.W.3d at 589–90).

When inquiring as to whether a party waived its right to arbitrate by its litigation conduct, courts have considered a variety of non-exclusive factors, including:

- how long the party moving to compel arbitration waited to do so;

- the reasons for the movant's delay;

- whether and when the movant knew of the arbitration agreement during the period of delay;

- how much discovery the movant conducted before moving to compel arbitration, and whether that discovery related to the merits;

- whether the movant requested the court to dispose of claims on the merits;

- whether the movant asserted affirmative claims for relief in court;

- the extent of the movant's engagement in pretrial matters related to the merits

---

court assessing waiver does not generally ask about prejudice" and reasoning that "the FAA's 'policy favoring arbitration' does not authorize federal courts to invent special, arbitration-preferring procedural rules"). We note that MTH's motion to compel is based on the TAA, not the FAA, and the Texas Supreme Court has not yet determined what effect, if any, *Morgan* has on state waiver law. In any event, we need not determine whether a showing of prejudice is required here because of our conclusion that MTH did not substantially invoke the judicial process.

(as opposed to matters related to arbitrability or jurisdiction);

  • the amount of time and expense the parties have committed to the litigation;

  • whether the discovery conducted would be unavailable or useful in arbitration;

  • whether activity in court would be duplicated in arbitration; and

  • when the case was to be tried.

*G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 512 (Tex. 2015); *Perry Homes*, 258 S.W.3d at 590–91. "Generally, no one factor is, by itself, dispositive." *RSL Funding, LLC v. Pippins*, 499 S.W.3d 423, 430 (Tex. 2016). That said, the Texas Supreme Court has observed that "key factors" include whether the movant delayed in moving to enforce the clause, the amount of discovery conducted by the movant, and whether the movant sought disposition on the merits. *Richmont Holdings, Inc.*, 455 S.W.3d at 575.

Generally, we review a trial court's order denying a motion to compel arbitration for abuse of discretion. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018); *see Beldon Roofing Co. v. Sunchase IV Homeowners' Ass'n*, 494 S.W.3d 231, 238 (Tex. App.—Corpus Christi–Edinburg 2015, no pet.). A trial court abuses its discretion when it acts arbitrarily or unreasonably and without reference to any guiding rules or principles. *Okorafor v. Uncle Sam & Assocs.*, 295 S.W.3d 27, 38 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). However, we apply a de novo standard to legal conclusions because a trial court has no discretion in determining what the law is, which law governs, or how to apply the law. *Id.* Thus, whether a party waived its right to arbitration is a question of law we review de novo. *See Royston, Rayzor, Vickery & Williams, LLP v. Lopez*, 467 S.W.3d 494, 499 (Tex. 2015); *In re FirstMerit Bank*, 52 S.W.3d at 756; *Okorafor*, 295 S.W.3d at 38.

**B.    Analysis**

There is no dispute that the arbitration clause contained in the purchase agreement is valid and that it applies to the Olivers' claims. The only issue in this case is whether MTH waived its right to enforce that clause due to its litigation conduct.

In reviewing the pertinent factors identified by the case law, we first observe that MTH did not delay at all in *moving to compel* arbitration—it filed its motion to compel simultaneously with its answer on October 5, 2021. However, it is undisputed that MTH did not seek to *set a hearing* on the motion to compel until early 2023. Thus, there was a delay of at least fifteen months between the filing of MTH's motion to compel and the time it sought to set a hearing on the motion. MTH was aware of the arbitration clause during the entire time period, but its counsel conceded that there was "no specific reason" for the delay. This weighs in favor of waiver. *See G.T. Leach*, 458 S.W.3d at 512; *Perry Homes*, 258 S.W.3d at 590–91.

At the March 3, 2023 hearing, the trial court observed that, according to the "Order Setting Case for Jury Trial," the deadline to mediate the case was February 17, 2023. The court then concluded that MTH waived its right to enforce arbitration because the notice of hearing for the plea in abatement and motion to compel was not filed until February 23, 2023, which is after the deadline for mediation had expired. The court stated:

> But, gentlemen, . . . please don't waste the Court's time, and I don't mean that disrespectfully. Get things lined up. Resolve the case if you can. The setting gets dropped. I'm denying your motion and your plea in abatement without prejudice. Maybe you tee it up again, [MTH's counsel], on behalf of your client, maybe you just get the case resolved. But as the filings are now, I find that the setting, the requested relief at a time after a court-ordered deadline does not get you the relief that you sought.

The trial court thus appeared to deny the motion to compel arbitration entirely on the basis

that MTH delayed in setting a hearing on the motion until after the mediation deadline expired. However, even a substantial, knowing, and unexplained delay will not alone be sufficient to find waiver of the right to enforce an arbitration clause. *See Richmont Holdings, Inc.*, 455 S.W.3d at 575–76 (rejecting waiver even though the party moving to compel arbitration had drafted the agreement containing the arbitration clause and had offered an implausible explanation for a nineteen-month delay); *In re Vesta Ins. Grp., Inc.*, 192 S.W.3d 759, 763 (Tex. 2006) (orig. proceeding) ("Delay alone generally does not establish waiver."); *see also Pounds v. Rohe*, 592 S.W.3d 549, 555 (Tex. App.—Houston [1st Dist.] 2019, no pet.) (noting that appellants' eleven-month delay "was not only substantial, it was knowing and unexplained," but "[i]f this was the sum total of the factors weighing in favor of waiver, waiver nonetheless would remain inappropriate").

We next review the litigation activity, including discovery, conducted by MTH during the relevant time period. *See G.T. Leach*, 458 S.W.3d at 512; *Richmont Holdings, Inc.*, 455 S.W.3d at 575; *Perry Homes*, 258 S.W.3d at 590–91. The clerk's record reflects that, between its October 5, 2021 answer and its February 23, 2023 notice of hearing, MTH filed the following documents in the case: (1) the "Third-Party Petition and Motion to Compel Joinder in Arbitration Proceeding," dated October 5, 2021; (2) a motion for substituted service of process on one of the third-party defendants, dated October 22, 2021; and (3) a motion for withdrawal and substitution of counsel, dated October 27, 2021. Additionally, after MTH served notice of the hearing on its motion to compel, it filed the following documents: (1) the "Joint Motion for Continuance, Subject to Defendant's Plea in Abatement and Motion to Compel Arbitration," dated March 10, 2023; (2) a notice of a hearing on the joint motion, dated March 13, 2023; (3) an amended notice of hearing

9

dated April 6, 2023; (4) an "Objection to Entry of Docket Control Order" dated April 10, 2023; (5) a second amended notice of hearing dated April 12, 2023; and (6) a bench brief in support of the motion to compel, dated April 18, 2023. MTH did not engage in any pretrial matters related to the merits of the case, and it did not move for summary judgment or otherwise seek disposition on the merits from the trial court. These factors weigh against a finding of waiver. *See G.T. Leach*, 458 S.W.3d at 512; *Richmont Holdings, Inc.*, 455 S.W.3d at 575; *Perry Homes*, 258 S.W.3d at 590–91.

As for discovery, it is undisputed that, though MTH responded to written requests propounded by the Olivers, it did not propound any of its own written requests, and no depositions were taken. *See Richmont Holdings, Inc.*, 455 S.W.3d at 575. It is also undisputed that the discovery which was obtained would be available and useful in arbitration. These factors also weigh against a finding of waiver. *See G.T. Leach*, 458 S.W.3d at 512.

On appeal, the Olivers emphasize that MTH sought affirmative relief from the trial court insofar as it filed affirmative third-party claims against two subcontractors. *See id.*; *Perry Homes*, 258 S.W.3d at 590–91. They also argue that MTH "moved for and obtained a new trial setting" by filing its "Joint Motion for Continuance" of the trial. However, the third-party petition incorporated a request to compel the third-party defendants to arbitration; accordingly, we cannot say that the filing of this affirmative claim demonstrated MTH's intent to relinquish its right to arbitrate. *See LaLonde*, 593 S.W.3d at 219–20. The "Joint Motion for Continuance" was also explicitly made subject to the motion to compel, and it noted that the trial court had denied the motion to compel "without prejudice" and indicated that it may reconsider its ruling if the trial date was continued. In any event, the

10

joint motion was filed after the trial court already denied the motion to compel; accordingly, it is not properly considered in our determination of whether that decision was erroneous.

Having reviewed the factors identified by the Texas Supreme Court, *see G.T. Leach*, 458 S.W.3d at 512; *Richmont Holdings, Inc.*, 455 S.W.3d at 575; *Perry Homes*, 258 S.W.3d at 590–91, we conclude MTH did not substantially invoke the judicial process so as to waive its right to enforce the arbitration clause. On this record, the Olivers have not met the "high standard" to overcome the "strong presumption" against waiver. *See LaLonde*, 593 S.W.3d at 220; *Perry Homes*, 258 S.W.3d at 590. Accordingly, the trial court erred in denying MTH's plea in abatement and motion to compel arbitration. We sustain MTH's issue on appeal.

### III.    CONCLUSION

The trial court's judgment is reversed, and the stay previously imposed on the underlying proceedings is hereby lifted. We remand the cause with instructions to grant MTH's plea in abatement and motion to compel arbitration, and for further proceedings consistent with this memorandum opinion.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
8th day of February, 2024.

11