### In re FORD MOTOR COMPANY and Gillespie Motor Company.

No. 04–06–00351–CV.

Court of Appeals of Texas, San Antonio.

Dec. 13, 2006.

Brendan K. McBride, Damon K. Garza, David R. Montpas, David J. Park, Grant T. McFarland, Prichard Hawkins McFarland & Young, L.L.P., San Antonio, for appellant.

Dolores Cavatore, John B. Strasburger, Scott R. Dayton, Weil, Gotshal & Manges, L.L.P., Houston, Juan A. Gonzalez, Ricardo G. Benavides, Law Office of Mark A. Cantu, McAllen, Roy A. Spezia, Clark, Thomas & Winters, P.C., Austin, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, SARAH B. DUNCAN, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by SARAH B. DUNCAN, Justice.

Ford Motor Company and Gillespie Motor Company seek a writ of mandamus to compel the trial court to order the plaintiffs who were not parties to the underlying sales contract and its arbitration provision to arbitration. We conditionally grant the petition and order the trial court to compel arbitration of the nonparties' claims.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2003, when Rudy Leija and his wife Maricella DeLeon bought a used 2000 Ford Expedition from Gillespie, they signed a sales contract and accompanying arbitration provision providing that "any and all controversies or claims arising out of, or in any way relating to" the "Sales Contract or the negotiation, purchase, trade in, financing, ownership, manufacture, warranties (express or implied), repair or sale/disposition of the motor vehicle which is the subject of the ... Sales Contract, whether those claims arise from or concern contract, warranty, statutory, property or common law, will be settled solely by means of final and binding arbitration." [2]

---

2. The agreement also states that the Expedition's manufacturer, Ford, would be subject to arbitration.

In January 2005, the Expedition was involved in a rollover accident in which Leija was fatally injured. Gillespie and Ford were sued by DeLeon, individually, as representative of her husband's estate, and on behalf of the couple's three minor children. DeLeon's suit was joined by Leija's parents, Andres Leija and Angie Bermea. In their joint petition, under the caption "Breach of Warranty," the plaintiffs allege the defendants "by and through the sale of the Ford Expedition" "expressly and impliedly warranted to ... the Plaintiffs specifically[ ] that the Expedition was fit for the purposes for which it was intended"; the plaintiffs "made use" of the product and relied on the defendants' express and implied warranties; Ford expressly represented that the vehicle met all federal safety standards; and the defendants' breach of the express and implied warranties was the producing cause of the occurrence in question and the injuries to Leija.

Gillespie and Ford moved to stay the trial court proceedings and order all the plaintiffs to arbitrate their claims. The trial court rejected Gillespie's and Ford's argument that Leija's children and parents, even though they did not sign the agreement, should be compelled to arbitrate their claims under the theory of direct benefit estoppel and ordered only DeLeon, individually and as the representative of Leija's estate, to arbitration. Ford and Gillespie now seek a writ of mandamus to compel the trial court to order Leija's children and parents to arbitrate their claims as well.

### PROPRIETY OF MANDAMUS RELIEF

█ The arbitration provision signed by Gillespie, Leija, and DeLeon states the parties "acknowledge and agree that the subject of this agreement involves interstate commerce." A "contract evidencing a transaction involving commerce" is governed by the Federal Arbitration Act. 9 U.S.C.A. § 2 (West 1999). An order refusing to compel arbitration under the Federal Arbitration Act is reviewable by mandamus. *In re Weekley Homes, L.P.,* 180 S.W.3d 127, 130 (Tex.2005) (orig. proceeding).

### WHO DECIDES ARBITRABILITY?

█ Gillespie and Ford first argue that whether Leija's children and parents should be ordered to arbitrate their claims is an issue that should be decided not by the trial court but by the arbitrator. We disagree.

█ "Under the FAA, absent unmistakable evidence that the parties intended the contrary, it is the courts rather than arbitrators that must decide 'gateway matters' such as ... [w]hether an arbitration agreement is binding on a nonparty...." *Id.* Gillespie and Ford argue the arbitration agreement at issue here contains unmistakable evidence that the parties intended the contrary because it provides that "any contests to the validity or enforceability of this Arbitration Provision ... will be determined by arbitration in accordance with the terms of this Arbitration Provision" and any dispute would be settled by "final and binding arbitration before the ... (AAA) in accordance with the rules and procedures of the AAA." However, none of the cases cited by Ford and Gillespie to support their argument employ language similar to the language at issue here; and, although this language might be construed as Ford and Gillespie argue, we do not believe it constitutes "unmistakable evidence" that the parties intended for an arbitrator to decide whether nonparties are bound by the arbitration agreement, particularly in light of the established Texas law placing the initial burden of proving the existence of a valid

arbitration agreement and claims within the scope of that agreement on the party seeking to compel arbitration. *See J.M. Davidson, Inc. v. Webster,* 128 S.W.3d 223, 227 (Tex.2003) (holding that "[a] party attempting to compel arbitration must first establish that the dispute in question falls within the scope of a valid arbitration agreement"); *In re Oakwood Mobile Homes, Inc.,* 987 S.W.2d 571, 573 (Tex. 1999) (orig. proceeding) (holding that "[a] party seeking to compel arbitration must establish the existence of an arbitration agreement, and show that the claims raised fall within the scope of that agreement"), *abrogated on other grounds by In re Halliburton Co.,* 80 S.W.3d 566 (Tex. 2002) (orig. proceeding).

In the absence of "unmistakable evidence" that the parties to this arbitration agreement intended that the issue of whether Leija's children and parents are bound by the arbitration agreement would be decided by an arbitrator, we hold the general rule requiring the trial court to decide "gateway" matters applies.

### DIRECT BENEFIT ESTOPPEL

■ Ford and Gillespie next argue that Leija's children and parents are bound by the arbitration agreement under the theory of direct benefit estoppel. We agree.

■ " '[A] litigant who sues based on a contract subjects him or herself to the contract's terms.' " *In re Weekley,* 180 S.W.3d at 131 (quoting *In re FirstMerit Bank, N.A.,* 52 S.W.3d 749, 755 (Tex.2001) (orig. proceeding)). A nonparty's claim is "based on a contract" " 'if it seeks, through the claim, to derive a direct benefit from the contract containing the arbitration provision[ ].' " *Id.* (quoting *In re Kellogg Brown & Root, Inc.,* 166 S.W.3d 732, 741 (Tex.2005) (orig. proceeding)). "[W]hether a claim seeks a direct benefit from a contract containing an arbitration clause turns

on the substance of the claim, not artful pleading." *Id.* at 131–32. When a nonparty to an arbitration agreement fully joins a party to the arbitration agreement's contract claims, making no distinction between the two, the nonparty "subject[s] [itself] to the contract's terms, including the Arbitration Addendum." *In re FirstMerit Bank,* 52 S.W.3d at 755–56. So it is here.

As noted above, the plaintiffs' joint petition includes claims under the caption "Breach of Warranty" and alleges the defendants "by and through the sale of the Ford Expedition" "expressly and impliedly warranted to ... the Plaintiffs specifically[ ] that the Expedition was fit for the purposes for which it was intended"; the plaintiffs "made use" of the product and relied on the defendants' express and implied warranties; Ford expressly represented that the vehicle met all federal safety standards; and the defendants' breach of the express and implied warranties was the producing cause of the occurrence in question and the injuries to Leija. And, as noted above, the joint petition does not even attempt to distinguish the nonparties' claims from those of DeLeon, a party to the contract. It is thus clear that Leija's children and parents, although not parties to the sales contract, seek to enforce express warranties, as if they were parties to the sales contract and thereby "subject[ ] themselves to the contract's terms, including the Arbitration Addendum." *Id.* at 756. Because Leija's children and parents chose to pursue contractual breach of warranty claims, they must pursue all of their claims in arbitration. *See In re Weekley,* 180 S.W.3d at 132.

### CONCLUSION

Although Leija's children and parents did not sign the sales contract and accompanying arbitration agreement, they chose

to file claims based on that contract and thereby subjected themselves to all its terms, including the arbitration agreement. We therefore conditionally grant the petition for a writ of mandamus and direct the trial court to reform its order to compel Leija's children and parents to arbitrate their claims. Because we are confident the trial court will comply with our order promptly, the writ will issue only if the trial court fails to comply with our order within ten days of the date of this opinion.