**Reversed and Remanded and Majority and Concurring Opinions filed February 8, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00090-CV

---

## PEARLAND URBAN AIR, LLC, Appellant

## V.

## ABIGAIL DALILA CERNA A/N/F OF R.W., Appellee

---

**On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2022-33992**

---

## M A J O R I T Y   O P I N I O N

Appellant Pearland Urban Air, LLC ("Urban Air") appeals the trial court's order denying its motion to compel arbitration. We hold that Urban Air established the existence of a valid arbitration agreement, which delegated to the arbitrator arbitrability questions such as the challenges appellee raises in this appeal. We reverse the trial court's order and remand with instructions to grant the motion to compel arbitration.

## Background

Abigail Cerna and her minor son, R.W., visited Urban Air, an indoor trampoline park, on August 30, 2020. That day, Cerna signed a release and indemnification agreement on R.W.'s behalf, which contained an arbitration clause (the "August Agreement"). The August Agreement is silent regarding its term or duration.

Cerna and R.W. visited Urban Air again on November 21, 2020, but Cerna did not sign a new agreement at that time. During that visit, R.W. allegedly "jumped on a trampoline and cut his foot on a metal object." Cerna, as next friend of R.W., sued Urban Air for negligence.

Urban Air moved to compel arbitration, relying on the August Agreement. In response, Cerna argued that Urban Air failed to prove an arbitration agreement existed because the August Agreement did not apply to the November visit, and she did not sign a new agreement. Cerna also challenged the August Agreement and its arbitration provision as unenforceable because: (a) she could not bind her minor child to the agreement; and (b) the Texas Arbitration Act bars arbitration of personal injury claims. After a hearing, the trial court denied Urban Air's motion to compel arbitration.

Urban Air timely filed this interlocutory appeal.

## Standard of Review and Applicable Law

We review interlocutory orders denying motions to compel arbitration for abuse of discretion, deferring to the trial court's factual determinations if they are supported by the evidence and reviewing questions of law de novo. *See Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018). Under this standard, we will reverse the trial court's ruling only when the court "acts in an arbitrary or

unreasonable manner, without reference to any guiding rules or principles." *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002) (per curiam).

Arbitration cannot be ordered in the absence of an agreement to arbitrate. *See TotalEnergies E&P USA, Inc. v. MP Gulf of Mex., LLC*, 667 S.W.3d 694, 701 (Tex. 2023). The Federal Arbitration Act ("FAA") governs any arbitration under the August Agreement. *See* 9 U.S.C. §§ 1-402. A party seeking to compel arbitration under the FAA must establish that (1) there is a valid arbitration agreement and (2) the claims in dispute fall within that agreement's scope. *See In re Rubiola*, 334 S.W.3d 220, 223 (Tex. 2011); 9 U.S.C. §§ 2, 4. If one party resists arbitration, the trial court must determine whether a valid agreement to arbitrate exists, which is a question of law subject to de novo review. *Baby Dolls Topless Saloons, Inc. v. Sotero*, 642 S.W.3d 583, 586 (Tex. 2022) (per curiam). In making this determination, courts are to remain mindful of the arbitration severability doctrine, under which courts consider an arbitration provision separately from the broader contract that contains it. *See Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445 (2006); *TotalEnergies E&P USA*, 667 S.W.3d at 701. In contesting whether a valid arbitration agreement exists, a party can challenge (1) the validity of the contract as a whole, (2) the validity of the arbitration provision specifically, and (3) whether an agreement exists at all. *Baby Dolls Topless Saloons*, 642 S.W.3d at 586; *RSL Funding, LLC v. Newsome*, 569 S.W.3d 116, 124 (Tex. 2018) (citing *In re Morgan Stanley & Co.*, 293 S.W.3d 182, 187 (Tex. 2009)).

Challenges to the larger contract's validity that do not go to issues of contract formation—the first type of challenge—are determined by the arbitrator. *See Baby Dolls Topless Saloons*, 642 S.W.3d at 586; *RSL Funding*, 569 S.W.3d at 125.

The second type of challenge—to the validity or scope of the arbitration provision specifically—is for the court to decide unless clearly and unmistakably

delegated to the arbitrator. *See TotalEnergies E&P USA*, 667 S.W.3d at 702; *Robinson v. Home Owners Mgmt. Enters.*, 590 S.W.3d 518, 525 (Tex. 2019). If the parties have contractually agreed to delegate arbitrability disputes to the arbitrator, courts must enforce that agreement just as they must enforce an agreement to delegate resolution of the underlying merits to the arbitrator. *TotalEnergies E&P USA*, 667 S.W.3d at 702; *RSL Funding*, 569 S.W.3d at 120.

Challenges of the third type—that the contract "never came into being"—are decided by the court. *Baby Dolls Topless Saloons*, 642 S.W.3d at 586. Included in this third category are threshold contract formation defenses—such as whether a party ever signed a contract, whether a signor had authority to bind a principal, or whether the signor had capacity to assent. *See RSL Funding*, 569 S.W.3d at 124. The FAA requires a court to be "satisfied that the making of the agreement for arbitration . . . is not in issue" before compelling arbitration. 9 U.S.C. § 4.

**Analysis**

In its sole issue, Urban Air argues that it proved a valid arbitration agreement exists and that Cerna's claims on behalf of R.W. come within the agreement's scope. We first consider whether a valid arbitration agreement ever came into being. *See G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 524 (Tex. 2015). On this discrete question, we have no difficulty concluding that one did—the August Agreement. Urban Air attached a copy of the August Agreement, which was electronically signed by Cerna on R.W.'s behalf on August 30. In the August Agreement, Cerna and Urban Air agreed to the following provision regarding dispute resolution:

> Any dispute or claim arising out of or relating to this Agreement, breach thereof, the Premises, Activities, property damage (real or personal), personal injury (including death), or the scope, arbitrability, or validity of this arbitration agreement (Dispute) shall be brought by the parties

in their individual capacity and not as a plaintiff or class member in any purported class or representative capacity, and settled by binding arbitration before a single arbitrator administered by the American Arbitration Association (AAA) per its Commercial Industry Arbitration Rules in effect at the time the demand for arbitration is filed. . . .

Cerna acknowledges that she signed the August Agreement on R.W.'s behalf. It is also undisputed that R.W. was permitted on Urban Air's premises on August 30 and participated in the "activities."[1] Save for one argument discussed immediately below, Cerna's contentions presuppose that the August Agreement is a binding contract.

Although Cerna does not assert any contract-formation defenses on appeal, she did assert one in the trial court. When, as here, an order denying a motion to compel arbitration does not state the grounds for the denial, we must affirm the order if any of the grounds asserted in the trial court for denying the motion are meritorious. *See In re Est. of Guerrero*, 465 S.W.3d 693, 701 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (en banc). Because Cerna raised a contract-formation argument in her response to the motion, we consider whether we may affirm the order on this ground.

Cerna argued below that no valid arbitration agreement ever existed because R.W. did not sign the August Agreement and a parent does not have authority to bind her minor child to arbitration. On that issue, Urban Air argued in its motion to

---

[1] "Activities" are defined as "trampoline and adventure park related activities, including, but not limited to, jumping, dodgeball, volleyball, tumbling, foam pit jumping, aerobics, skydiving, ninja warrior course, battle beam, laser tag, soft play, ropes course, climbing wall, roller coaster/sky rider, go carts, laser tag, bowling, spin zone, bumper cars, cyber sports, mini golf, arcades, exercising and other miscellaneous trampoline and adventure activities, use of any equipment or attractions, instruction, training, classes, observation, use of the locker room area, use of the dining area, use of any portion of the Premises, including, but not limited to, the associated sidewalks and parking lots, and any competition, event, or program sponsored by or affiliated with the Protected Parties as defined below in Section 5 of this Agreement."

compel arbitration that R.W., though a minor and non-signatory, was nonetheless bound to the August Agreement because he received its benefits by entering the premises and participating in the activities.

Recent supreme court precedent forecloses Cerna's contract-formation defense. *Taylor Morrison of Texas, Inc. v. Ha* involved an arbitration provision in a home purchase agreement signed by Tony Ha. 660 S.W.3d 529 (Tex. 2023) (per curiam). Ha and his family sued Taylor Morrison for construction defects and fraud. *Id.* at 532. Taylor Morrison moved to compel arbitration as to all five claimants, and the dispute centered on whether Ha's wife and children were bound by the arbitration provision under direct-benefits estoppel even though they did not sign the purchase agreement. *Id.* The court held the agreement was binding on the non-signatories because the family's occupancy of the home "indicates that they accepted the benefits of Mr. Ha's purchase agreement and therefore may be compelled to arbitrate along with Mr. Ha." *Id.* at 533. The court also observed:

> [A]s a general matter, parents may sign arbitration agreements on behalf of their children. *See* [Tex. Fam. Code] § 151.001(a)(7) (recognizing the right of parents to make "decisions of substantial legal significance" concerning their children). Parents may equitably bind their children to an arbitration agreement through direct-benefits estoppel by suing based on the contract on their child's behalf. *See id.* (recognizing parents' right to represent their children in legal action); *Taylor Morrison of Tex., Inc. v. Skufca*, 660 S.W.3d [525, 529] (Tex. Jan. 27, 2023); *In re Ford Motor Co.*, 220 S.W.3d 21, 23-24 (Tex. App.—San Antonio 2006, orig. proceeding). In the same way, parents may also equitably bind their children to an arbitration agreement through direct-benefits estoppel by seeking direct benefits for their children from the contract outside of litigation.

*Id.* at 534 (footnote omitted).

We reach a similar conclusion here. Although R.W. is a minor and did not sign the August Agreement, Cerna signed on his behalf and represented she had

6

authority to do so. By entering the premises on August 30 and participating in the services and activities, R.W. benefitted from the agreement in a way that equitably binds him to its terms including the arbitration provision. Therefore, he accepted the benefits of the August Agreement. *See id.* at 533. For these reasons, we cannot affirm the order on the ground that no arbitration agreement existed.

We hold that Urban Air proved conclusively the existence of a valid agreement containing an arbitration clause. To the extent the trial court denied the motion to compel arbitration on the ground that Urban Air and Cerna never entered into a valid arbitration agreement that is binding on R.W., it erred.

This brings us to the argument Cerna asserts on appeal. She contends there is no valid arbitration agreement applicable to the November visit because the August Agreement does not apply to the November visit, and Cerna never signed a new agreement. In the trial court, Cerna suggested that the August Agreement would have expired before the November visit.

These arguments go to the *scope* of the August Agreement, not to whether a valid arbitration agreement existed in the first place. *See Baby Dolls Topless Saloons*, 642 S.W.3d at 588-89. Much like Cerna, the claimants in *Baby Dolls Topless Saloons* argued that even if a valid contract was formed, it expired before the relevant date. *Id.* at 589. That question, the court held, was for the arbitrator. *Id.* "The Family's alternative argument necessarily assumes that a contract formed, and it does not challenge the arbitration agreement's validity. Therefore, the separability doctrine reserves to the arbitrator a question of this nature, for expiration is not a contract formation challenge—it is instead a challenge to the continued validity of the parties' initial agreement." *Id.*

We are compelled to reject Cerna's argument for the same reason. As in *Baby Dolls Topless Saloons*, the arbitration provision in the August Agreement clearly

7

and unmistakably delegates to the arbitrator any matter of "scope, arbitrability, or validity of this arbitration agreement." Because the agreement's plain text refers questions of scope and arbitrability to the arbitrator, we do not address whether the August Agreement applies to R.W.'s November visit or whether it expired beforehand because those are matters of scope for the arbitrator to decide. *See TotalEnergies E&P USA*, 667 S.W.3d at 720; *RSL Funding*, 569 S.W.3d at 123; *CHG Hosp. Bellaire, LLC v. Johnson*, ---S.W.3d---, 2022 WL 3720136, at *4 (Tex. App.—Houston [1st Dist.] 2022, no pet.). When the contract delegates the arbitrability question to an arbitrator, a court has no power to decide the issue. *See Robinson*, 590 S.W.3d at 531.

Cerna raised an additional argument in the trial court that we conclude is also a question for the arbitrator. Cerna argued that the arbitration provision is unenforceable because it attempts to force arbitration of personal-injury claims, which is barred by the Texas Arbitration Act ("TAA"). Under the TAA, a claim for personal injury may not be subject to an arbitration agreement unless the arbitration agreement is signed by each party and each party's attorney. Tex. Civ. Prac. & Rem. Code § 171.002(a)(3), (c). This is a challenge to the arbitration provision specifically. Such a question is normally for the court to decide, but here it is clearly and unmistakably delegated to the arbitrator. *See TotalEnergies E&P USA*, 667 S.W.3d at 701-02.

Accordingly, the evidence before the trial court proved conclusively that (1) the August Agreement is a valid arbitration agreement, and (2) the arbitrator will decide whether Cerna's claims against Urban Air fall within the scope of the agreement. *See In re Poly-America, L.P.*, 262 S.W.3d at 354.

Finally, Urban Air contends that Cerna violated the August Agreement's covenant not to sue, giving rise to Urban Air's entitlement to attorney's fees.[2]  This argument is premature at this time and may be raised in the arbitration proceedings. *Accord, e.g.*, *Daniewicz v. Thermo Instrument Sys., Inc.*, 992 S.W.2d 713, 719 (Tex. App.—Austin 1999, pet. denied) ("Because this claim was first presented to the trial court, the trial court correctly held that the request for an accounting was premature because the dispute must first be submitted to arbitration.").

## Conclusion

We reverse the trial court's order denying Urban Air's motion to compel arbitration and remand the case to the trial court for entry of orders compelling the parties to arbitration and staying the litigation proceedings pending completion of the arbitration.


/s/     Kevin Jewell
        Justice


Panel consists of Chief Justice Christopher and Justices Wise and Jewell. (Christopher, C.J., concurring)

---

[2] The dispute resolution section of the August Agreement provides:  "If either party files suit in violation of this paragraph (except to toll the statute of limitations), such party shall reimburse the other for their costs and expenses, including attorneys' fees, incurred in seeking abatement of such suit and enforcement of this paragraph."