**Reversed and Remanded in Part, Affirmed in Part, and Memorandum Opinion filed September 12, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00850-CV

---

**BEAUMONT ADVENTURE PARK URBAN AIR, LLC; UATP MANAGEMENT, LLC; UATP IP, LLC; UA ATTRACTIONS, LLC; RACHELLE NURSE-GOODLY; AND JOSEPH GOODLY, Appellants**

**V.**

**CHINIQUA GETER AS NEXT FRIEND OF K.G., A MINOR, Appellee**

---

**On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Cause No. 23-DCV-301661**

---

### MEMORANDUM OPINION

Can children be bound to an arbitration agreement they did not sign through direct-benefits estoppel? This is a settled question, to which the answer is yes. In a single appellate issue, appellants Beaumont Adventure Park Urban Air, LLC; UATP Management, LLC; UATP IP, LLC; UA Attractions, LLC; Rachelle Nurse-Goodly; and Joseph Goodly  argue in this interlocutory appeal that the trial

court erred by denying their motion to compel arbitration.[1] Having recently decided this issue in a case of nearly identical facts, we reverse the portion of the interlocutory order denying the motion to compel arbitration against appellant Urban Air and we remand with instructions that Geter's claims against Urban Air must proceed through arbitration; however, we affirm the remainder of the interlocutory order as challenged on appeal.

## I. BACKGROUND

In February 2023, appellee Chiniqua Geter as next friend of her minor daughter, K.G., filed suit against the Urban Air entities, alleging K.G. was injured while using trampolines at Urban Air's premises. The Urban Air entities filed a motion to compel arbitration, which the trial court denied. The Urban Air entities filed this interlocutory appeal. *See* 9 U.S.C. § 16(a)(1)(B) (permitting interlocutory appeal of order denying motion to compel arbitration); Tex. Civ. Prac. & Rem. Code Ann. § 51.016 (permitting interlocutory appeal arising under the Federal Arbitration Act (FAA)).

## II. ANALYSIS

### A. Standard of review and applicable law

The FAA applies to the arbitration agreement here because the parties expressly agreed to arbitrate under the FAA. *See In re Rubiola*, 334 S.W.3d 220, 223 (Tex. 2011) (orig. proceeding).

Under the FAA, a party seeking to compel arbitration must establish the existence of a valid arbitration agreement and the existence of a dispute within the scope of the agreement. *Baby Dolls Topless Saloons, Inc. v. Sotero*, 642 S.W.3d

---

[1] We will refer to appellant Beaumont Adventure Park Urban Air, LLC, individually, as "Urban Air", whereas we shall refer to appellants collectively as the "Urban Air entities."

583, 585–86 (Tex. 2022). If one party resists arbitration, the trial court must determine whether a valid agreement to arbitrate exists, which is a question of law subject to de novo review. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). A party resisting arbitration can challenge (1) the validity of the contract as a whole, (2) the validity of the arbitration provision specifically, and (3) whether an agreement exists at all. *RSL Funding, LLC v. Newsome*, 569 S.W.3d 116, 124 (Tex. 2018) (citing *In re Morgan Stanley & Co.*, 293 S.W.3d 182, 187 (Tex. 2009)).

> As a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract—the separability doctrine. For that reason, a challenge to the larger contract's validity—the first type above—is determined by the arbitrator. The second type of challenge—to the validity of the arbitration provision specifically—is for the court to decide unless clearly and unmistakably delegated to the arbitrator. Challenges of the third type—that the contract "never came into being"—are decided by the court.

*Baby Dolls*, 642 S.W.3d at 586 (internal citations omitted).

Because the trial court did not state a basis for its ruling, we must uphold the trial court's ruling on any legal theory supported by the evidence. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).

B.    **Application**

In its sole issue, the Urban Air entities argue that they proved a valid arbitration agreement exists and that Geter's claims on behalf of K.G. come within the agreement's scope. In March 2021, when Geter took K.G. to Urban Air's premises, Geter signed an agreement containing an arbitration provision on K.G.'s behalf. Geter argued below that (1) no valid arbitration agreement ever existed because K.G. did not sign the agreement and (2) a parent does not have authority to bind her minor child to arbitration. The Urban Air entities asserted in their motion

3

to compel arbitration that K.G., though a minor and nonsignatory, was nonetheless bound to the agreement because she received its benefits by entering the premises and participating in the activities, such as jumping on trampolines.

Recent supreme-court precedent supports the Urban Air entities' argument:

> [A]s a general matter, parents may sign arbitration agreements on behalf of their children. *See id.* § 151.001(a)(7) (recognizing the right of parents to make "decisions of substantial legal significance" concerning their children). Parents may equitably bind their children to an arbitration agreement through direct-benefits estoppel by suing based on the contract on their child's behalf. *See id.* (recognizing parents' right to represent their children in legal action); *Taylor Morrison of Tex., Inc. v. Skufca*, 660 S.W.3d 525, 527–29 (Tex. Jan. 27, 2023); *In re Ford Motor Co.*, 220 S.W.3d 21, 23–24 (Tex. App.—San Antonio 2006, orig. proceeding). In the same way, parents may also equitably bind their children to an arbitration agreement through direct-benefits estoppel by seeking direct benefits for their children from the contract outside of litigation.

*Taylor Morrison of Tex., Inc. v. Ha*, 660 S.W.3d 529, 534 (Tex. 2023). Additionally, applying the precedent of *Ha*, our court recently rejected arguments like Geter's in a case with nearly identical facts. *See Pearland Urban Air, LLC v. Cerna*, No. 14-23-00090-CV, 2024 WL 479478, at *3 (Tex. App.—Houston [14th Dist.] Feb. 8, 2024, pet. filed).

In *Cerna*, Pearland Urban Air filed a motion to compel arbitration, arguing that Cerna's son, R.W., was bound to arbitrate his claims because Cerna had signed an agreement containing an arbitration clause on his behalf so that he could enter and use the Urban Air facility. *Id.* at *1. Like Geter, Cerna claimed there was no valid arbitration agreement, arguing R.W. never signed the agreement and a parent cannot bind their minor children to arbitration. *Id.* at *3. Citing *Ha*, our court disagreed with Cerna and concluded that a valid arbitration agreement existed:

> Although R.W. is a minor and did not sign the August Agreement, Cerna signed on his behalf and represented she had authority to do so.

4

By entering the premises on August 30 and participating in the services and activities, R.W. benefitted from the agreement in a way that equitably binds him to its terms including the arbitration provision. Therefore, he accepted the benefits of the August Agreement. For these reasons, we cannot affirm the order on the ground that no arbitration agreement existed.

We hold that Urban Air proved conclusively the existence of a valid agreement containing an arbitration clause.

*Id.* (internal citation omitted).

The same reasoning applies here. K.G. is a minor and did not sign the agreement, but Geter signed the agreement on her behalf and represented she had authority to do so. K.G. directly benefitted from the agreement by entering the Urban Air premises and participating in activities, including jumping on the trampolines. K.G. was only allowed to enter and enjoy the premises on the condition that the agreement was first signed. By accepting direct benefits from the agreement, K.G. may be compelled through direct-benefit estoppel to arbitrate her claims. *See Ha*, 660 S.W.3d at 534.

Geter does not attempt to distinguish the present case from *Cerna*. Instead, Geter simply implies that our court's decision in *Cerna* was incorrect and not in line with *Ha*. Regardless, we must follow *Cerna*'s stare decisis. *Mitschke v. Borromeo*, 645 S.W.3d 251, 257 (Tex. 2022). We conclude that a valid arbitration agreement existed, and the trial court erred by failing to compel Geter's claims against Urban Air to arbitration.

However, we must next determine whether Geter's claims against the other appellants—UATP Management, LLC; UATP IP, LLC; UA Attractions, LLC; Rachelle Nurse-Goodly; and Joseph Goodly (collectively the nonsignatory appellants)—must also be compelled to arbitration.

"Determining whether a claim involving a non-signatory must be arbitrated is a gateway matter for the trial court, not the arbitrator, which means the

5

determination is reviewed de novo." *Jody James Farms, JV v. Altman Grp., Inc.*, 547 S.W.3d 624, 629 (Tex. 2018). "Who is bound by an arbitration agreement is normally a function of the parties' intent, as expressed in the agreement's terms." *Id.* at 633. There are also at least six scenarios in which arbitration with nonsignatories to an arbitration agreement may be required: (1) incorporation by reference; (2) assumption; (3) agency; (4) alter ego; (5) equitable estoppel; and (6) third-party beneficiary. *Id.*

The agreement containing the arbitration provision clearly identifies Geter and Urban Air as parties to the agreement, and it states that any disputes "by the parties" shall be settled through arbitration, but the agreement makes no mention of the nonsignatory appellants. The Urban Air entities contend that Geter's claims against the nonsignatory appellants all relate back to the agreement, and thus, Geter should be compelled to arbitrate her claims against all appellants. However, Geter is not suing based on the agreement; rather, she is pursuing causes of actions against the nonsignatories that exist independently of the contract, such as negligence and product liability:

> "[W]hen the substance of the claim arises from general obligations imposed by state law, including statutes, torts and other common law duties, or federal law," direct-benefits estoppel is not implicated even if the claim refers to or relates to the contract or would not have arisen "but for" the contract's existence.

*Id.* at 636 (quoting *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 528 (Tex. 2015)).

Therefore, we conclude that the trial court did not err in denying the motion to compel as it relates to the nonsignatory appellants.

## C.    Waiver of right to arbitration

We next address Geter's contention that Urban Air waived its right to

compel arbitration. However, a "party asserting implied waiver as a defense to arbitration has the burden to prove that (1) the other party has 'substantially invoked the judicial process,' which is conduct inconsistent with a claimed right to compel arbitration, and (2) the inconsistent conduct has caused it to suffer detriment or prejudice." *G.T. Leach Builders,* 458 S.W.3d at 511–12. "Because the law favors and encourages arbitration, 'this hurdle is a high one.'" *Id.* (quoting *Richmont Holdings, Inc. v. Superior Recharge Sys., L.L.C.*, 455 S.W.3d 573, 575 (Tex. 2014) (per curiam)). We conclude that Geter did not meet this burden.

Despite Geter's contention that the arbitration provision was not invoked "until almost a full six months after suit was filed," the Urban Air entities included a "Defendants' Notice of Right to Arbitration" in their original answer. The Urban Air entities further sent correspondence to Geter's counsel, explicitly for the purpose of avoiding the necessity of filing a motion to compel arbitration. And we cannot conclude that the Urban Air entities "substantially invoked" the judicial process such that Geter suffered any detriment. No substantial discovery has been conducted in the case. Based on the record before us, at no point was the conduct of the Urban Air entities inconsistent with their right to compel arbitration. Therefore, we conclude that the Urban Air entities did not waive their right to arbitration.

We sustain the Urban Air entities' sole issue in part.

7

### III.  CONCLUSION

We reverse the portion of the trial court's interlocutory order denying the motion to compel arbitration as to Urban Air, and remand with instructions that Geter's claims against Urban Air be compelled to arbitration. We affirm the remainder of the interlocutory order as challenged on appeal.


/s/     Charles A. Spain
Justice

Panel consists of Chief Justice Christopher and Justices Spain and Poissant.